# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2022

Lyle W. Cayce
Clerk

No. 20-40769

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Perez-Espinoza,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-cr-2048-3

Before Davis, Willett, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

The question presented is whether the district court violated the defendant's right to be present at sentencing. The answer is no. We therefore affirm.

I.

Manuel Perez-Espinoza is a Mexican national who obtained legal-resident status in the United States. In 2019, he was arrested for various drug offenses. He then pleaded guilty to one count of possession with intent to

No. 20-40769

distribute a controlled substance (methamphetamines) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.

At the sentencing hearing, the district court orally announced a sentence of 262 months in prison followed by 5 years of supervised release and a fine of $100. The court also imposed various conditions on Perez-Espinoza's supervised release. Relevant here is the special condition that anticipated the Government's likely decision to remove Perez-Espinoza. The district court stated: "[I]f [Perez-Espinoza] were to return to this country for any reason, he would be required to report to the nearest U.S. Probation Office *within 72 hours*."

One week later, the court entered a written judgment. Unlike the oral pronouncement, the written judgment imposed a condition that "[i]f the defendant returns, the defendant shall report to the nearest U.S. Probation Office *immediately*."

Thereafter, Perez-Espinoza timely appealed, challenging only the written judgment's inclusion of an immediate-reporting requirement. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

II.

Perez-Espinoza argues that there's a conflict between requiring him to report "immediately" and requiring him to report "within 72 hours." We disagree.

We hold that there is no material difference between the oral pronouncement and the written judgment. At sentencing, Perez-Espinoza heard that, as a condition of his supervised release, he would have to report to the Probation Office if he reentered the United States. He said nothing. He therefore cannot be heard to complain when the judgment later clarified his reporting obligation.

It's true that we've at least twice ordered the district court to amend the written judgment's immediate-reporting requirement to the orally announced 72-hour-reporting requirement. *See United States v. Gonzalez-Hernandez*, No. 21-40180, 2022 WL 256354, at *1 (5th Cir. Jan. 26, 2022) (per curiam); *United States v. Temetan*, 828 F. App'x 203, 206 (5th Cir. 2020) (per curiam). But those opinions are unpublished, nonprecedential, and hence non-binding. *See* 5TH CIR. R. 47.5.4. Neither explains how the oral pronouncement and written judgment materially differed. *See, e.g.*, *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (noting we follow non-binding precedent only to the extent it's "persuasive"). And we therefore decline to follow them.

Perez-Espinoza also argues that our review is for abuse of discretion (as opposed to plain error) because he didn't have an opportunity to object to his immediate-reporting requirement. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). As noted above, however, he had an opportunity to object to a materially identical, 72-hour reporting requirement, and he failed to do so. And in any event, it does not matter because Perez-Espinoza loses under any standard of review.

*         *         *

For these reasons, we see no reversible error in the district court's judgment.

AFFIRMED.