# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2022

Lyle W. Cayce
Clerk

No. 21-51076

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Angel Lozano, III,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1514-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Jose Angel Lozano, III, pleaded guilty to spray painting graffiti onto a federal building in El Paso, Texas. *See* 18 U.S.C. § 1361. The Government spent $2,094.12 to clean up Lozano's mess. The district court ordered Lozano to pay back Uncle Sam "in accordance with the schedule for paying." Its written judgment also ordered Lozano to pay "in accordance with the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

schedule of payments set forth." What is that schedule? Nobody knows. Simply put, the district court did not include one in its written judgment.

Lozano argues these facts create a conflict between the orally pronounced sentence and written judgment. And if those two conflict, then we must "remand for the limited purpose of correcting the written judgment to" match the oral pronouncement. *United States v. Pacheco*, 782 F.3d 213, 223 (5th Cir. 2015) (first quoting *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). But there is no conflict. The district court told Lozano not once but *twice* that he had to pay in accordance with a "schedule." *See United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022) (holding that sentencing conflicts require a "material difference between the oral pronouncement and the written judgment").

Still, Lozano's sentence is obviously flawed: The district court ordered him to pay on a schedule but never gave him one. *See United States v. Albro*, 32 F.3d 173, 174 (5th Cir. 1994) (per curiam) ("[T]he district court must designate the timing and amount of payments."); *see also United States v. Broussard*, 669 F.3d 537, 552 n.10 (5th Cir. 2012) (explaining our authority to reach "obvious error" sua sponte). Therefore, we VACATE and REMAND for resentencing on restitution. We otherwise AFFIRM.[1]

---

[1] For the first time on appeal, Lozano also complains that the district court erroneously delegated its judicial authority to his probation officer. "If the probation officer determines that [Lozano] pose[s] a risk to another person (including an organization)," the district court ordered, then "the probation officer may require [Lozano] to notify the person about the risk and [Lozano] must comply with that instruction." Also, "[t]he probation officer may contact the person and confirm that [Lozano] ha[s] notified the person about the risk." Our recent decision in *United States v. Mejia-Banegas*, decided during this appeal, now forecloses Lozano's argument, and so we need not address it further. 32 F.4th 450, 451–52 (5th Cir. 2022).