# United States Court of Appeals for the Fifth Circuit

---

No. 22-40179
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cuahutemoc Mendoza-Alcasar,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-946-5

---

Before Stewart, Duncan, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Cuahutemoc Mendoza-Alcasar appeals his sentence following his jury trial conviction of possessing with intent to distribute five kilograms or more of cocaine and being an alien in unlawful possession of a firearm. He contends that there is a conflict between the oral pronouncement of his sentence and the special conditions of supervised release in the written

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40179

judgment. Specifically, he challenges the written judgment's inclusion of special conditions requiring him to: (1) report to United States Immigration and Customs Enforcement and follow their instructions and reporting requirements until any deportation proceedings are completed; (2) not illegally reenter the United States; (3) report to the nearest probation office within 72 hours of his return if he were to reenter the United States; and (4) seek proper documentation authorizing him to work in the United States. The Government agrees that a conflict exists with regard to the third and fourth special conditions.[1]

The four special conditions were not mandated by 18 U.S.C. § 3583(d), so the district court was required to pronounce them. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). The conditions were not included in Mendoza-Alcasar's presentence report, orally pronounced, or otherwise referred to at sentencing. Mendoza-Alcasar therefore did not have an opportunity to object to the conditions at sentencing, and we will review for an abuse of discretion. *See id*. at 559–60; *United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020).

The first and second special conditions constitute mere ambiguities with the district court's oral pronouncement. *See United States v. Vasquez-Puente*, 922 F.3d 700, 703–04 (5th Cir. 2019) (finding ambiguity rather than conflict between oral and written sentences); *see also United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022). For the first special condition, the record reflects that the condition is consistent with the district court's intent that Mendoza-Alcasar be deported after his prison term. *See Vasquez-*

---

[1] Contrary to the Government's argument on appeal, Mendoza-Alcasar has not abandoned through inadequate briefing his claims of a conflict concerning the first, second, and fourth special conditions. *See* Fed. R. App. P. 28(a)(8)(A); *cf. United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986).

No. 22-40179

*Puente*, 922 F.3d at 703–05. The second special condition does not conflict with the district court's oral pronouncement because it merely restated the mandatory condition that Mendoza-Alcasar not commit another federal crime. *See id.* at 705. Therefore, the district court did not abuse its discretion by including these special conditions in the written judgment. *See id.*

As for the third and fourth special conditions on these facts, we are persuaded by Mendoza-Alcasar's argument and the Government's concession that the imposition of these conditions in the written judgment created an impermissible conflict that constituted an abuse of discretion. *See Diggles*, 957 F.3d at 560–63; *United States v. Bigelow*, 462 F.3d 378, 383–84 (5th Cir. 2006).

Accordingly, the district court's judgment is VACATED in part, and the matter is REMANDED to the district court for the limited purpose of conforming the written judgment with the oral pronouncement of sentence as to the third and fourth special conditions. The judgment is AFFIRMED in all other respects.