# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2023

Lyle W. Cayce
Clerk

No. 22-20469
Summary Calendar

─────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Etcheverry Hernandez-Guerrero,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-535-1

───────────────────────────────

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Carlos Etcheverry Hernandez-Guerrero appeals the sentence imposed following his guilty plea conviction for reentry of a removed alien. He contends, and the Government agrees, that the written judgment must be corrected because it contains a condition of supervised release that conflicts with the district court's oral pronouncement of his sentence.

─────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20469

We agree with the parties that the written condition requiring Hernandez-Guerrero to submit to, and pay for, substance-abuse testing to determine if he has used a prohibited substance and prohibiting him from tampering with the testing methods is a discretionary condition under 18 U.S.C. § 3583(d) that the district court did not pronounce as required at sentencing. *See United States v. Diggles*, 957 F.3d 551, 559-63 (5th Cir. 2020) (en banc). That condition materially differs from the oral pronouncement and must be excised from the written judgment. *See United States v. Prado*, 53 F.4th 316, 318-19 (5th Cir. 2022); *United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022).

Accordingly, we VACATE in part and REMAND to the district court to amend the written judgment to conform with the oral pronouncement, consistent with this opinion. In all other respects, the judgment is AFFIRMED.