# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2025

Lyle W. Cayce
Clerk

―――――――――

No. 25-50044
Summary Calendar

―――――――――

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏꜰ Aᴍᴇʀɪᴄᴀ,

*Plaintiff—Appellee*,

*versus*

Jᴏsᴇ Lᴜɪs Aɴɢᴜɪᴀɴᴏ-Rᴜɪᴢ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2068-1

_____

Before Wɪᴇɴᴇʀ, Wɪʟʟᴇᴛᴛ, and Wɪʟsᴏɴ, *Circuit Judges*.

Pᴇʀ Cᴜʀɪᴀᴍ:[*]

Jose Luis Anguiano-Ruiz appeals from the sentence imposed for his guilty plea conviction for illegal reentry following removal. For the first time on appeal, he argues that his sentence includes two conflicting conditions of supervised release and that his presentence report (PSR) contains a typographical error in his prisoner number.

_____

[*] This opinion is not designated for publication. *See* 5ᴛʜ Cɪʀ. R. 47.5.

No. 25-50044

As to his first argument, Anguiano-Ruiz concedes that this is an unpreserved claim that is reviewed for plain error. *See United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023).  In the oral pronouncement of Anguiano-Ruiz's sentence, the district court specified that, in addition to complying with the standard conditions, Anguiano-Ruiz must report to the nearest United States probation office within 72 hours if he is released by immigration officials or he re-enters the United States.  One of the standard conditions stated that, if Anguiano-Ruiz is released from confinement or not deported or lawfully re-enters the United States during his term of supervised release, he must report immediately in person to the nearest United States probation office.  In *United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022), we affirmed a sentence containing substantially similar conditions because there was no material difference between these reporting periods.  Because Anguiano-Ruiz has failed to show error, plain or otherwise, we AFFIRM.  *See id.*; *United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022).

We agree with both parties that the PSR lists an incorrect prisoner number for Anguiano-Ruiz.  Our examination of the record shows that this error also carried over into the written judgment.  Those are clerical errors that should be corrected pursuant to Federal Rule of Criminal Procedure 36. *See United States v. McGuire*, 151 F.4th 307, 345 (5th Cir. 2025); *United States v. Mackay*, 757 F.3d 195, 197–200 (5th Cir. 2014).  Accordingly, we REMAND to the district court for the limited purpose of correcting those clerical errors.