# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

No. 25-50376
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR PATRICIO CASTILLO-GUAMAN,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-544-1

———————————————————

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:*

Victor Patricio Castillo-Guaman appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States. He contends that the district court plainly erred by imposing contradictory and illegal conditions of supervised release and that the written judgment contains a clerical error.

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50376

Castillo-Guaman argues that the district court made a clear and obvious error by orally pronouncing two supervised release conditions as to his reporting obligations that he contends are inconsistent and irreconcilable. Because the district court orally pronounced the conditions at issue and Castillo-Guaman had an opportunity to object, review is limited to plain error. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

Despite his assertions to the contrary, Castillo-Guaman has not shown that the district court made a clear or obvious error in imposing the challenged reporting obligations based on settled case law. *See United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022) (finding that there was no conflict or material difference between an oral pronouncement requiring the defendant to report "immediately" and a written judgment requiring it "within 72 hours."). The cases on which Castillo-Guaman relies are inapposite because they fail to address the specific timing issue we settled in *Perez-Espinoza*, 31 F. 4th at 989. Because Castillo-Guaman has not shown that the district court made a clear or obvious error in imposing the challenged supervised release reporting conditions based on settled precedent, he has not established reversible plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Castillo-Guaman also argues that the written judgment contains a clerical error with respect to the offense of conviction. The written judgment failed to specify the precise subsections in 8 U.S.C. § 1326 for which Castillo-Guaman was convicted. The judgment references only § 1326 generally and does not specify that Castillo-Guaman pled to and was convicted of unlawful reentry under § 1326(a) and (b)(1). *See United States v. Alcaraz-Juarez*, No. 23-50801, 2024 WL 4948845, at *4 (5th Cir. December 3, 2024) (remanding for the limited purpose of specifying the precise subsections of a conviction). Accordingly, we remand for the district court to correct the judgment by specifying the exact subsections of conviction.

2

No. 25-50376

Based on the foregoing, the judgment is AFFIRMED, and the proceeding is REMANDED for the limited purpose of correcting the clerical error in the judgment. *See* FED. R. CRIM. P. 36.