# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2022

Lyle W. Cayce
Clerk

No. 20-50082
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL JESUS VARGAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-1128-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:

Daniel Jesus Vargas was sentenced to 60 months of imprisonment followed by 4 years of supervised release after pleading guilty to conspiracy to possesses with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(ii); and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). He contends that there was not an adequate basis for the district court to accept his guilty plea as to the conspiracy charge and that the district

No. 20-50082

court's written judgment regarding the standard conditions of supervised release conflict with its oral pronouncement. We AFFIRM.

Because Vargas did not object to the factual basis underlying his conspiracy conviction or the conditions of supervised release when afforded the opportunity to do so, we review these claims for plain error only. *United States v. Nepal*, 894 F.3d 204, 208 (5th Cir. 2018). To demonstrate plain error, a defendant has the burden of showing (1) an error (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021).

"To determine whether a factual basis for a plea exists, we must compare '(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information.'" *Nepal*, 894 F.3d at 208 (quoting *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc)). Vargas contends that the district court plainly erred in accepting his plea to the conspiracy charge because there was insufficient basis to conclude that he conspired with anyone other than a government informant. We need not decide, however, whether Vargas is correct on this point. For even if the district court erred in accepting his plea to conspiracy, Vargas does not argue that he would not have entered the guilty plea but for the error—and for that reason, he has not demonstrated that his substantial rights were affected, as is necessary for reversal under plain-error review. *See United States v. London*, 568 F.3d 553, 558, 560 (5th Cir. 2009).

Next, Vargas argues that the district court erred by failing to set forth all non-discretionary terms of his sentence at the sentencing hearing. True, a district court must orally pronounce a criminal defendant's sentence, including any discretionary conditions of supervised release, at the sentencing hearing. *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020)

(en banc). "If the in-court pronouncement differs from the [written] judgment that later issues, what the judge said at sentencing controls." *Id.* "But . . . the sentencing court" need not "recite the conditions word-for-word." *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). The court may instead "adopt[] the conditions by referenc[e]." *Id.* at 354.

Here, according to Vargas, the district court improperly imposed the sixteen "standard" conditions of supervised release (which are set forth in the standing order for the Western District of Texas) in its written judgment, but did not outline thirteen such conditions at Vargas's sentencing hearing. At the start of that hearing, the district court confirmed with Vargas that he and his counsel had reviewed the presentence report (PSR), which had recommended "the mandatory and standard conditions of supervision." The district judge went on to explain to Vargas that "[s]upervised release will be for a period of four years under the Court's mandatory, standard, and the special conditions" to be "outline[d] momentarily," but did not expressly cite the Western District's standing order. At no point during his sentencing hearing did Vargas object to the aspects of his sentence now challenged on appeal.

Under these circumstances, we hold that the district court did not err, plainly or otherwise, in including the standard conditions of supervised release in Vargas's sentence. "[A]lthough the court did not recite the conditions in full, its shorthand reference" to its "standard conditions of supervision" at sentencing "was adoption all the same." *Grogan*, 977 F.3d at 353. We recently held, on very similar facts, that a district court (also that for the Western District of Texas) had adequately orally pronounced those same conditions. *See United States v. Martinez*, 15 F.4th 1179 (5th Cir. 2021). In *Martinez*, as in this case, the PSR recommended "the mandatory and standard conditions of supervision." *Id.* at 1180. At the start of the hearing in *Martinez*, as in this case, the district court confirmed that the defendant had

reviewed the PSR and went on to say that the "the standard and mandatory conditions of supervision" would be imposed, but did not expressly cite the Western District's standing order. *Id.* at 1180–81. And like Vargas, the defendant in *Martinez* argued on appeal that the standard conditions of supervised release had to be stricken from the written judgment because they were not orally pronounced at the sentencing hearing. We rejected that argument, explaining that the PSR had "notified [the defendant] that 'standard conditions' would likely be imposed"—and that, "[a]t sentencing, the court . . . notified [the defendant] that it was imposing standard conditions . . . . Given the longstanding existence of the Western District's standing order, defense counsel certainly knew that the standard conditions being imposed were the ones listed in the standing order." *Id.* at 1181.

We think *Martinez*'s reasoning applies with equal force here. To be sure, the district court in this case did not expressly adopt the PSR at the sentencing hearing, as the district court in *Martinez* had done. But the key observations relied upon by the *Martinez* panel are also true of this case: "At sentencing, the court . . . notified [Vargas] that it was imposing standard conditions," and "[g]iven the longstanding existence of the Western District's standing order, defense counsel certainly knew that the standard conditions . . . were the ones listed in the standing order." *Id.* Hence, even though the district court did not orally adopt the PSR in its entirety, it should have been clear to defense counsel in this case that the "standard" conditions of supervised release mentioned by the sentencing judge were the same standard conditions referenced in Vargas's PSR and set forth in the Western District's standing order. *See United States v. Castaneda*, No. 20-40290, 2021 WL 5397601, at *1 (5th Cir. Nov. 17, 2021) (special conditions described in PSR were adequately adopted by oral reference even though "the district

No. 20-50082

court did not explicitly adopt the PSR at [defendant's] sentencing hearing").[1]

Accordingly, the district court's judgment is AFFIRMED.

---

[1] Similarly, in *United States v. Rodriguez*, 838 F. App'x 119, 120 (5th Cir. 2021), we held that a district court's oral reference to "substance abuse testing and treatment" at sentencing (in conjunction with the court's confirmation that the defendant had reviewed the PSR) was sufficient to adopt by reference all of the drug- and alcohol-related special conditions of supervised release set forth in the PSR—even though, as inspection of the record and briefing in that case reveals, the district court did not expressly adopt the PSR.