# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2022

Lyle W. Cayce
Clerk

No. 19-31032
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Stanley Charleston,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-9-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Stanley Charleston pled guilty to possession of a firearm by a felon and was sentenced to 120 months in prison and three years of supervised release. He argues that the written judgment conflicts with the district court's oral pronouncement of the sentence. That claim is based on the fact that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

written judgment contains 11 standard conditions of supervised release that were discretionary but not orally pronounced at sentencing. Charleston is correct that those 11 conditions needed to be orally pronounced because they were not statutorily required under 18 U.S.C. § 3583(d). *See United States v. Diggles*, 957 F.3d 551, 557–59 (5th Cir. 2020) (en banc).

After Charleston filed his appellate brief, the Government filed an unopposed motion to supplement the appellate record with a document entitled "Notice to Parties Regarding Conditions of Supervision," which the Government asserts was originally attached to the Presentence Report ("PSR") and provided to the parties. The motion was granted. That document indicated that it was being provided to the parties before sentencing to give advance notice of the supervised release conditions under consideration by the district court. It listed all the conditions of supervised release that the district court might impose at sentencing, including the 11 standard conditions at issue here. The document was supplemented into the record, and Charleston has not disputed that it was provided to him as an attachment to the PSR.

At sentencing, the district court confirmed that Charleston had reviewed the PSR with counsel and had no objections to it. The district court later orally pronounced that it was imposing "the standard conditions of supervision adopted by this Court." Under these circumstances, there was no error with respect to the district court's oral pronouncement of the standard conditions in dispute. *See United States v. Vargas*, 23 F.4th 526, 527-28 (5th Cir. 2022).

AFFIRMED.