# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2023

Lyle W. Cayce
Clerk

_____

No. 22-40476
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Douglas Wayne Tatum,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1661-1

_____

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Douglas Wayne Tatum appeals the sentence imposed following his guilty plea conviction of conspiracy to import 500 grams or more of methamphetamine. He argues that a conflict exists between the written judgment and the oral pronouncement of his supervised release conditions, specifically with certain discretionary standard and special conditions in the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

written judgment that were not orally pronounced at sentencing. These conditions were not mandated by 18 U.S.C. § 3583(d), so the district court was required to pronounce them. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc).

Regarding Tatum's challenge to 14 of the 15 "standard" conditions, the conditions were listed in the appendix to his presentence report (PSR), and they are also set forth in a standing order of the Southern District of Texas. At sentencing, the district court affirmed with Tatum that he reviewed the PSR with his counsel, and it ordered Tatum to "comply with the standard conditions adopted by the Court." The district court's pronouncement constituted a shorthand reference effectively adopting the district court's standing order that contained those conditions. *See United States v. Vargas*, 23 F.4th 526, 528 (5th Cir. 2022); *United States v. Grogan*, 977 F.3d 348, 353 (5th Cir. 2020). Tatum cannot show that the district court erred, plainly or otherwise, because the court fulfilled its pronouncement requirement for the standard conditions, and there is no conflict with the written judgment. *See Vargas*, 23 F.4th at 528-29; *Diggles*, 957 F.3d at 559-60.

Tatum next challenges certain "special" conditions included in his written judgment. The special conditions require Tatum to 1) "participate in an outpatient alcohol and substance-abuse treatment program" and "pay the costs of the program, if financially able"; 2) "not possess any controlled substances without a valid prescription"; 3) "submit to substance-abuse testing" and "pay the costs of the testing if financially able"; 4) "not use or possess alcohol"; and 5) "not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances." He does not challenge the first special condition.

These conditions are listed in the district court's standing order as conditions that a sentencing judge "may apply" to a defendant at sentencing, and Tatum's PSR recommended the conditions in the appendix. However, while the district court affirmed that Tatum and his counsel reviewed the PSR, the district court did not expressly adopt the PSR or reference or address any of the special conditions challenged here. Accordingly, our review is for an abuse of discretion. *See United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020).

The second and third special conditions do not conflict with the district court's pronouncement because they are consistent with the mandatory conditions imposed and with the district court's intent that Tatum obtain drug and alcohol treatment. *See United States v. Vasquez-Puente*, 922 F.3d 700, 703 (5th Cir. 2019); *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). Tatum was already prohibited under § 3583(d) from unlawfully possessing a controlled substance. *See also* Tex. Health & Safety Code § 481.117 (criminalizing possession of controlled substances without a prescription). He was also required under § 3583(d) to submit to periodic drug testing, and the district court orally pronounced that Tatum was required "to participate in a drug and alcohol treatment program outpatient" while on supervised release. Therefore, the drug testing condition and the requirement to pay for testing do not conflict with the oral pronouncement of sentence. *See Mireles*, 471 F.3d at 558; *United States v. Vega*, 332 F.3d 849, 852-54 (5th Cir. 2003); *United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002).

The fourth and fifth special conditions likewise do not create a conflict between the oral pronouncement and written judgment. *See Mireles*, 471 F.3d at 558. Where, as here, a district court orally pronounces a release condition requiring a defendant to take part in drug treatment, other unpronounced

No. 22-40476

conditions that are consistent with that condition do not create a conflict between the oral and written judgments. *See Vega*, 332 F.3d at 852.

AFFIRMED.