# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2023

Lyle W. Cayce
Clerk

———————

No. 21-50118

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Saul Baez-Adriano,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-77-1

———————————————————————

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Baez-Adriano challenges the district court's imposition of conditions of supervised release. For the reasons set forth below, the district court satisfied the oral-pronouncement requirement and its written judgment did not conflict with the oral pronouncement. We therefore AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-50118

## I.

Baez-Adriano pleaded guilty to drug offenses and assaulting or impeding U.S. Border Patrol agents. The district court sentenced him within the guidelines range to a total of 46 months of imprisonment, three years of supervised release, and a $225 special assessment. Although Baez-Adriano's presentence report ("PSR") listed no conditions of supervised release, the district court, at sentencing, specifically imposed "[t]he standard and mandatory conditions of supervision … includ[ing] the conditions that the defendant shall not commit another federal, state, or local crime during the term of supervision."[1] Baez-Adriano made no objection to the impositions of the "standard and mandatory" conditions. Nor did he seek clarification or recitation of the specifics of those conditions. In addition to the standard and mandatory conditions, the court pronounced the following two discretionary, or special, conditions:

> [1] And if the defendant is excluded, deported, or removed upon release, the term of supervision shall be nonreporting. [2] The defendant shall not illegally reenter the United States. Should the defendant lawfully reenter the United States during the term of supervision, the defendant shall immediately report to the nearest U.S. Probation office.

The court's written judgment included the above-listed special conditions as well as the nine mandatory and seventeen standard conditions listed in the Western District's standing order. Baez-Adriano timely appealed.

———————————————

[1] These "standard and mandatory conditions" are listed in a court-wide and public standing order, amended on November 28, 2016. United States District Court, Western District of Texas, Conditions of Probation and Supervised Release (Nov. 28, 2016), https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Conditions-of-Probation-and-Supervised-Release.pdf. The court referenced, but did not read, the conditions at sentencing. And it did not explain that these conditions were from the court's standing order.

No. 21-50118

## II.

Baez-Adriano presents two arguments. First, he contends that the court's imposition of the standard and mandatory conditions detailed in the court-wide standing order was invalid because the conditions were never properly pronounced. Second, he argues that the two special conditions (i.e., those not included in the court's standing order) in the written judgment are more burdensome than, and therefore conflict with, the court's oral pronouncement.

The parties initially dispute the standard of review. When "a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had an opportunity to object before the district court." *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022) ("*Alexander Martinez*") (internal quotation marks and citations omitted). "The opportunity to object exists – and thus a district court satisfies the pronouncement requirement – when the court notifies the defendant at sentencing that conditions are being imposed." *Id.* at 367 (internal quotation marks and citation omitted). If the defendant had the opportunity to object, we review for plain error; if the defendant did not, we review for abuse of discretion. *See id.* at 366.

Regarding Baez-Adriano's challenge to the pronouncement of the standard conditions, our review is for plain error. "A standing order provides advance notice of possible conditions …. And the in-court adoption of those conditions is when the defendant can object." *United States v. Diggles*, 957 F.3d 551, 561 (5th Cir. 2020) (en banc). A court's "'shorthand reference' to its 'standard conditions of supervision' at sentencing '[i]s adoption all the same.'" *United States v. Vargas*, 23 F.4th 526, 528 (5th Cir. 2022) (quoting *United States v. Grogan*, 977 F.3d 348, 353 (5th Cir. 2020)). For the reasons explained below, the Western District's court-wide standing order and the

3

No. 21-50118

court's oral, shorthand reference to "standard and mandatory conditions of supervision" gave Baez-Adriano advance notice of the possible conditions. *See Grogan*, 977 F.3d at 352 (citation omitted). Because Baez-Adriano did not object when the district court pronounced that it was imposing the standard and mandatory conditions, Baez-Adriano forfeited his objection. *See United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021) ("*Joshua Martinez*") ("Because the court told Martinez it was imposing 'standard conditions,' he had notice and an opportunity to object (or, at a minimum, to ask for more specificity about the conditions)."). So, Baez-Adriano must show "an obvious error that impacted his substantial rights and seriously affected the fairness, integrity, or reputation of judicial proceedings." *Diggles*, 957 F.3d at 559 (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)). This plain-error-review standard "is 'difficult' to overcome." *Id.* (citing *Puckett*, 556 U.S. at 135).

Regarding Baez-Adriano's challenge that a conflict exists between the oral pronouncement and written judgment as to the two discretionary, or special, conditions, we apply a different standard of review. This challenge is raised for the first time on appeal "for the simple reason that [Baez-Adriano] had no opportunity at sentencing to consider, comment on, or object to the special conditions later included in the written judgment." *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). So, because the alleged error appears for the first time in the written judgment, such that Baez-Adriano did not have the opportunity to object in the district court, we review for abuse of discretion. *United States v. Tanner*, 984 F.3d 454, 455-56 (5th Cir. 2021) (citing *Bigelow*, 462 F.3d at 381).

## III.

We begin with the court's imposition of the conditions listed in the standing order. The district court must orally pronounce a sentence to

respect the defendant's right to be present for sentencing. *Diggles*, 957 F.3d at 556 (citations omitted). Conditions of supervised release are part of a defendant's sentence and must be pronounced unless their imposition is required by 18 U.S.C. § 3583(d). *See id.* at 556-59. "[O]ral pronouncement does not mean that the sentencing court must recite the conditions word-for-word." *Grogan*, 977 F.3d at 352. To satisfy the pronouncement requirement, the district court may, among other things, reference a list of recommended supervised release conditions from a court-wide or judge-specific standing order. *Diggles*, 957 F.3d at 560-63 & n.5.

So, "[o]ral in-court adoption of a written list of proposed conditions provides the necessary notice." *Id.* at 560. However, "the mere existence of such a document is not enough for pronouncement." *Alexander Martinez*, 47 F.4th at 367 (internal quotation marks and citation omitted). Rather, the court "must orally adopt that list of conditions within the document when the defendant is in court and can object." *Id.* And it must ensure that the defendant had a chance to read and review that list with counsel. *Diggles*, 957 F.3d at 560-63 & n.5 (citations omitted). "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *Id.* at 557.

Post-*Diggles*, our jurisprudence has devolved into only requiring the court make a "shorthand reference" to standard conditions of supervision found in a court-wide standing order and later imposed in the written judgment. *See, e.g., Vargas*, 23 F.4th at 528. In *Vargas*, we affirmed a court's imposition of the standard conditions listed in a court-wide standing order where the court merely stated that "the Court's mandatory, standard, and special conditions" would be imposed. *Vargas*, 23 F.4th at 527. There, the district court "confirmed with Vargas that he and his counsel had reviewed the presentence report (PSR), which had recommended 'the mandatory and standard conditions of supervision.'" *Id.* at 527. But it never expressly

adopted the PSR. *Id.* at 528. Then, "[t]he district judge went on to explain to Vargas that 'supervised release will be for a period of four years under the Court's mandatory, standard, and the special conditions' to be 'outlined momentarily,' but did not expressly cite the Western District [of Texas]'s standing order." *Id.* (original alterations omitted). We affirmed on the grounds that, "it should have been clear to defense counsel in this case that the 'standard' conditions of supervised release mentioned by the sentencing judge were the same standard conditions referenced in Vargas's PSR and set forth in the Western District's standing order." *Id.*

In doing so, we relied on our observations in *Joshua Martinez* for the proposition that the coupling of the oral reference to "standard conditions" and the existence of the Western District of Texas's standing order satisfied the court's pronouncement requirement. *See Vargas*, 23 F.4th at 528 (stating that the "key observations" were the court's reference to the standard conditions and the standing order) (citing *Joshua Martinez*, 15 F.4th at 1181). In *Joshua Martinez*, we concluded that the defendant had "in-court notice of the conditions being imposed and ample opportunity to object" when the district court: (1) adopted the PSR, which recommended standard conditions;[2] and (2) "announced it would impose 'standard' conditions." *Joshua Martinez*, 15 F.4th at 1181. "Given the longstanding existence of the Western District's standing order," we reasoned that "defense counsel certainly knew that the standard conditions being imposed were the ones listed in the standing order and included in the judgment form created by the Administrative Office of the United States Courts." *Id.* (citation omitted). From this, we derived the rule in *Vargas*: that oral reference to "standard conditions" where there exists a standing order imposing said conditions is

---

[2] The PSR, however, did not cite to or append the Western District's standing order.

sufficient. *Vargas*, 23 F.4th at 528.[3]    It mattered not that Vargas's PSR referenced standard and mandatory conditions. *Id.* Vargas's constitutional rights were not violated because the court referred generally to "standard conditions" and had a standing order in place. *Cf. United States v. Aguilar-Cerda*, 27 F.4th 1093, 1095 (5th Cir. 2022) (observing that parties agreed the district court did not plainly err because its pronouncement that "Defendant shall comply with the standard conditions contained in this judgment" sufficiently referenced the court's standing order).

The *Vargas* court was right to conclude that satisfaction of the pronouncement requirement centers on the court's oral reference to and imposition of the standing order, not the contents of the PSR. Absent an oral reference by the court to "standard and mandatory" conditions while imposing the sentence, we vacate the judgment and remand the case if only the written judgment imposed the standard and mandatory conditions listed in the court's standing order. While it is always helpful if the PSR sets forth suggested conditions for supervised release, including the standard and mandatory conditions, the oral pronouncement of sentence controls,

---

[3] *See also United States v. Carrasco*, 2022 WL 16657170, at *1 (5th Cir. Nov. 3, 2022) (Western District of Texas) (affirming, under plain-error review, district court's judgment where PSR recommended "the mandatory and standard conditions of supervision adopted by the Court," confirmed that the defendant and counsel reviewed the PSR, adopted the PSR, and imposed "the standard and mandatory conditions of supervision); *United States v. Timpson*, 2022 WL 4103256, at *2 (5th Cir. Sept. 7, 2022) (Western District of Texas) (affirming, under plain-error review, district-court judgment where PSR recommended "the mandatory and standard conditions of supervision adopted by the Court," the court adopted the PSR, and the court stated that it was imposing the "standard and mandatory conditions of supervision"); *United States v. Rodriguez*, 830 F. App'x 445 (5th Cir. 2020) (Western District of Texas) (concluding that the court appropriately referenced a court-wide standing order when, according to the transcript, court merely stated "[t]he standard and mandatory conditions of supervision are imposed").

whether or not the PSR makes reference to the standard conditions listed in the court's standing order.

Take, for example, the situation where the PSR refers to the standard and mandatory conditions and the court adopts the PSR, yet the court fails to orally refer to the mandatory conditions at sentencing. In *United States v. Chavez*, the PSR proposed "the mandatory and standard conditions of supervision adopted by the Court." 2022 WL 767033, at *4 (5th Cir. Mar. 14, 2022). It, however, "did not specifically identify the standing order or include an appendix listing the challenged conditions." *Id.* At sentencing, the court adopted the PSR without objection after confirming that Chavez had reviewed it. *Id.* According to the transcript, the district court never referred to the standing order or confirmed that Chavez had reviewed it with his counsel. *Id.* In fact, the transcript reflects that the court neglected to refer to *any* conditions of supervised release at all – let alone those imposed by the standing order. Unconvinced that the court satisfied the pronouncement requirement, we vacated the judgment and remanded the case. *Id.* at *4-*5.

Next, take the situation where the PSR refers to the standard and mandatory conditions, but the court both fails to adopt the PSR and neglects to orally refer to the mandatory and standard conditions at sentencing. Same result. In *Garcia-Marcelo*, the PSR recommended imposing "the mandatory and standard conditions adopted by the Court." *Garcia-Marcelo*, 2022 WL 3684613, at *1, *3. But, at sentencing, the district did not adopt the PSR. And it failed to make any oral reference to "standard" or "mandatory" conditions generally, or to the standing order, *id.* at *3; *see also United States v. Griffin*, 2022 WL 17175592, at *2 (5th Cir. Nov. 23, 2022) (vacating written judgment and remanding case where district court made no oral reference to standard conditions of supervised release and failed to adopt the PSR, which recommended the conditions). Finding that the defendant did not have fair

notice that the court was imposing the conditions listed in the standing order and that the court's imposition of said conditions was an abuse of discretion, we vacated the judgment and remanded the case. *See Garcia-Marcelo*, 2022 WL 3684613, at *3, *5.

We reached the same result in *United States v. Jackson*. 2022 WL 738668 (5th Cir. Mar. 11, 2022). There, the PSR had a "generic reference" to "the mandatory and standard conditions of supervision adopted by the [district c]ourt," but neither listed the mandatory conditions nor expressly referred to or attached the Western District's standing order. *Id.* at *2 (alteration in original). At sentencing, the court failed to adopt the PSR. *Id.* And, according to the sentencing transcript, it neglected to orally refer to any "standard" or "mandatory" conditions. Again, we found that the defendant did not have adequate notice that the conditions listed in the court's standing order were being imposed and, accordingly, vacated the judgment and remanded the case.

Finally, take the situation where the PSR does not refer to the standard and mandatory conditions and the court, while adopting the PSR, does not orally reference the conditions. Again, same result. In *United States v. Paz-Mejia*, the district court adopted the PSR, "but the PSR did not include an appendix, reference the standing order, or set forth any standard conditions of supervised release." 2022 WL 1165645, at *1 (5th Cir. Apr. 20, 2022). At sentencing, the district court failed to: (1) "mention that Paz-Mejia would be subject to *any* 'standard' conditions of supervised release"; (2) reference the court's standing order; or (3) confirm that Paz-Mejia reviewed that order with counsel. *Id.* (emphasis added). Upon reviewing the defendant's challenge to the court's imposition of standard conditions in the written judgment, we vacated the sentence and remanded the case to excise those conditions that conflicted with (and went beyond) the oral pronouncement. *Id.* at *1-*2.

No. 21-50118

Accordingly, when the court imposes standard conditions of supervised release sourced from a standing order, the PSR's inclusion or exclusion of said conditions is irrelevant.[4] It is the court's reference to and oral imposition of the court-wide standard conditions that is dispositive. *See Vargas*, 23 F.4th at 528. Put differently, if the conditions imposed in the written judgment match those in the standing order, a district court need only orally reference the standard conditions to satisfy the pronouncement requirement. In that instance, a simple reference to "standard conditions" is sufficient. *See id.*

One caveat: the conditions in the written judgment must mirror those in the court-wide order imposing conditions of supervised release. In *Alexander Martinez*, we vacated the district court's judgment and remanded the case for amendment of the written judgment by removing the unpronounced standard conditions. *Alexander Martinez*, 47 F.4th at 368. At sentencing, "the district court affirmatively stated that it was requiring Martinez to 'comply with the standard conditions that will be set forth in the judgment of conviction and sentence.'" *Id.* at 367. But we said that it was "unclear" "what the district court meant by 'the standard conditions,'" even though the court's website that included a page titled "Standard Conditions of Probation or Supervised Release (AO 245B (9/19))."[5] *Id.* Importantly, the conditions imposed in the written judgment did not track the online conditions verbatim – but there was substantial overlap. *Id.* To vacate and remand the judgment was necessary, we concluded, because "the

---

[4] It is always helpful for the Probation Office to explicitly include *all* proposed supervised-release conditions, both in full in the body of the PSR and with a copy attached to the PSR. And, of course, the court should verify on the record that counsel and the defendant have reviewed and understand these conditions.

[5] It is unclear for how long the website provided these specific conditions.

district court erred in failing to clarify 'the standard conditions' to which it referred at the sentencing hearing or to expressly locate, identify, and adopt by reference a specific written list of conditions." *Id.*

In sum, it is imperative for the district court to reference the applicable standing order's "standard and mandatory" conditions of supervised release, lest the imposition of said conditions in the written judgment conflict with the oral pronouncement. And here, the district court did just that. Like the court in *Vargas*, the court here stated that "[t]he standard and mandatory conditions of supervision are imposed." This shorthand reference, coupled with the "longstanding existence of the Western District's standing order," *Joshua Martinez*, 15 F.4th at 1181, was sufficient. That Baez-Adriano's PSR was silent as to the conditions of supervised release is irrelevant. *Compare Chavez*, 2022 WL 767033, at *4-*5, *with Jackson*, 2022 WL 738668, at *2, and *Paz-Mejia*, 2022 WL 1165645, at *1-*2.

The court did not commit plain error. Plain-error review involves four prongs:

> First, there must be an error or defect – some sort of "deviation from a legal rule" – that has not been intentionally relinquished or abandoned, *i.e.,* affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings." Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error – discretion which ought to be exercised only if the error "'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"

No. 21-50118

*Puckett v. United States*, 556 U.S. 129, 135 (2009) (alterations and citations omitted) (emphasis in original). All four prongs must be met. *Puckett*, 556 U.S. at 135.

Likely because Baez-Adriano contends that review is for abuse of discretion, and not plain error, he does not brief the four plain-error prongs. Importantly, however, "the burden is on the defendant to demonstrate that the error affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Andaverde–Tinoco,* 741 F.3d 509, 523 (5th Cir. 2013). Even assuming the court made an error, Baez-Adriano has not met his burden to persuade us that the error resulted in a serious injustice. That's because if Baez-Adriano could show that the first three prongs were met, we would decline to remedy the error. *See Puckett*, 556 U.S. at 135. "In analyzing the fourth prong, we look to the degree of the error and the particular facts of the case to determine whether to exercise our discretion." *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (quoting *United States v. Avalos–Martinez,* 700 F.3d 148, 154 (5th Cir. 2012)) (internal quotation marks omitted).

The public would not perceive any grave injustice when: (1) a district court orally imposes the conditions listed in a court-wide standing order, and two other special conditions that largely mirror those in the written judgment conditions, at sentencing; and (2) the defendant forewent his opportunity to object to said conditions. *Cf. Prieto*, 801 F.3d at 554; *Henderson v. United States*, 568 U.S. 266, 279 (2013) (observing, on plain-error review, that failure to object weighed against relief). Because Baez-Adriano has not met his burden to persuade us that the alleged error resulted in a serious injustice, we decline to exercise our discretion to correct the purported error.

No. 21-50118

## IV.

Next, we review Baez-Adriano's challenge to the court's imposition of two special conditions on the grounds that there is a conflict between the written judgment and the oral pronouncement. If a term or condition of a sentence in the court's written judgment conflicts with the oral sentence, the oral sentence controls. *Diggles*, 957 F.3d at 557. "The key determination is whether the discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006) (citing *United States v. Torres-Aguilar,* 352 F.3d 934, 935-36 (5th Cir. 2003)). A conflict exists when the written judgment "broadens the restrictions or requirements of supervised release from an oral pronouncement." *Id.* (citing *United States v. Wheeler,* 322 F.3d 823, 828 (5th Cir. 2003)). "If, however, there is 'merely an ambiguity' between oral and written sentences, 'then "[this court] must look to the intent of the sentencing court, as evidenced in the record," to determine the defendant's sentence.'" *United States v. Vasquez-Puente*, 922 F.3d 700, 703 (5th Cir. 2019) (quoting *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003)).

During sentencing, the district court orally pronounced the following special conditions of supervised release:

(1) "[T]he defendant shall not commit another federal, state, or local crime during the term of supervision.[6] And if the defendant is excluded,

---

[6] In his briefing, Baez-Adriano contends that the district court's mandate that "the defendant shall not commit another federal, state, or local crime during the term of supervision," is part of this first special condition. Baez-Adriano acknowledges that "[t]he condition related to criminal offenses" – *i.e.*, that "the defendant shall not commit another federal, state, or local crime during the term of supervision" – "is the same as mandatory

deported, or removed upon release, the term of supervision shall be nonreporting"; and

(2) "The defendant shall not illegally reenter the United States. Should the defendant lawfully reenter the United States during the term of supervision, the defendant shall immediately report to the nearest U.S. Probation office."

In the written judgment, the district court defined the special conditions as:

(1) "The defendant shall not commit another federal, state or local crime during the term of supervision. If the defendant is excluded, deported, or removed upon release, the term of supervision shall be non-reporting"; and

(2) "The defendant shall not illegally reenter the United States. If the defendant is released from confinement or not deported or lawfully reenters the United Sates during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office."

With respect to the first condition, Baez-Adriano argues, without explanation, that "the written version is more burdensome." Considering that the oral pronouncement and the written judgment are identical, we find no conflict.

With respect to the second condition, Baez-Adriano contends that the written judgment requires him to report to the nearest U.S. Probation Office "not only if Baez lawfully reenters the country but also if he 'is released from confinement or not deported.'" The "additional obligation to immediately report to the nearest Probation Office upon 'release[] from confinement' or

---

condition number 1," which is required by 18 U.S.C. § 3583(d). To the extent he objects against its imposition, his objection is futile. *See Diggles*, 957 F.3d at 559.

No. 21-50118

upon 'not [being] deported' is more burdensome," says Baez-Adriano, "and thus conflicts with the court's oral pronouncement of sentence." Putting that observation aside, Baez-Adriano admits that "this condition is somewhat consistent with the court's pronouncement" – and we agree.

This is merely an ambiguity that can be resolved by looking to the intent of the district court. *See Mireles*, 471 F.3d at 559. It is clear from the record that the district court sought to prevent Baez-Adriano's presence in the United States without a duty to immediately report to the nearest U.S. Probation Office. Since the written judgment effectuates the pronouncement's function, the judgment is not broader than the pronounced. *See United States v. Rivas-Estrada*, 906 F.3d 346, 351 (5th Cir. 2018). The slightly different wordings between the oral and written pronouncements are reconcilable and, therefore, inconsequential. The district court did not abuse its discretion.

## V.

Although the district court had the benefit of *Diggles* at the time of Baez-Adriano's sentencing, its loose procedure is unfortunately not rare. We would be remiss if we failed to mention our frustration at the amount of post-*Diggles* cases that ignore *Diggles*'s dictates. While our jurisprudence reflects that the court satisfies its pronouncement requirement when it merely makes oral reference to the court's standard and mandatory conditions detailed in a standing order, *see Vargas*, 23 F.4th at 528, we do not encourage this procedure.

The well-grounded and legally-sound procedure for imposing "standard" and "mandatory" conditions of supervised release listed in a court's standing order is:

1. The probation officer should either include the court's standing order in or append it to the PSR, or preferably both.

15

No. 21-50118

2. Defense counsel must review and explain the conditions in the court's standing order with the defendant before sentencing.

3. The district court must (a) confirm with the defendant that he or she saw the standing order and had the opportunity to review it with defense counsel; (b) ask the defendant whether he or she has any questions about the conditions listed in the standing order; (c) orally pronounce that it is imposing the conditions detailed in a specific standing order;[7] and (d) provide the defendant with an opportunity to object.

Nonetheless, in this case, the district court did not plainly err in imposing the standard and mandatory conditions detailed in the court-wide standing order and two special conditions. Moreover, that there are the slightly different (but reconcilable) wordings between the district court's oral and written pronouncements did not constitute an abuse of discretion. Accordingly, we AFFIRM.

_____

[7] The district court must identify the specific standing order.

ANDREW S. OLDHAM, *Circuit Judge*, concurring in the judgment:

I take no issue with the way my esteemed colleagues apply our court's precedent in this case. But our precedents are deeply flawed. *See United States v. Griffin*, 2022 WL 17175592, at *4 (5th Cir. 2022) (Oldham, J., dissenting). Amongst our myriad errors, we elevate spoken words over written judgments—in direct contravention of legal rules that date back centuries. *Id.* at *6–7. We should reevaluate that approach as an en banc court because, as the majority opinion ably illustrates, this is a recurring problem.