# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 20-40622
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Mason,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-1285-1

———————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Joshua Mason appeals his sentence, challenging the conditions imposed on supervised release. He contends that, although the pre-sentencing report (PSR) referred to the standard conditions of supervised release in a general order, the district court failed to sufficiently state those conditions at sentencing.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-40622

We review for plain error because Mason did not object to the conditions before the district court. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). Establishing plain error requires a showing of a forfeited error that is clear or obvious and that affected Mason's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

We see no clear or obvious error here because there is no conflict between the oral pronouncement of sentence and the conditions of supervision included in the written judgment. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc); *United States v. Vargas*, 23 F.4th 526, 528 (5th Cir. 2022). Here, the PSR expressly references the Southern District of Texas's General Order 2017-01, and the district court also stated that it was imposing the "[s]tandard terms and conditions of supervision."

The district court's judgment is AFFIRMED.