# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2023

Lyle W. Cayce
Clerk

No. 22-20163

United States of America,

*Plaintiff—Appellee*,

*versus*

Margil Reyna, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-564-2

Before Smith, Southwick, and Higginson, *Circuit Judges*.
Stephen Higginson, *Circuit Judge*:

Reyna appeals the district court's written judgment imposing the "standard" conditions of supervised release. Because the district court satisfied the oral pronouncement requirement and its written judgment did not conflict with its oral pronouncement, we AFFIRM.

I.

Margil Reyna, Jr., pleaded guilty, pursuant to a plea agreement, to conspiracy to participate in a racketeering enterprise. Reyna waived the preparation of a presentence report (PSR), and the district court determined

that a PSR was not necessary. The district court proceeded to sentencing directly after taking Reyna's guilty plea. Pursuant to the Rule 11(c)(1)(C) plea agreement, Reyna was sentenced to 360 months of imprisonment and 5 years of supervised release. As part of his supervised release term, the district court stated that Reyna was "subject to the standard conditions." Reyna's written judgment included a list of the fifteen "standard" conditions of supervision listed in the Southern District of Texas's standing order. Reyna timely appealed.

## II.

Reyna challenges solely the district court's imposition of the standard conditions of supervised release. Reyna argues that the list of fifteen "standard" conditions of supervised release in his written judgment should be vacated because they were not orally pronounced at sentencing. The government contends that no such conflict exists between the oral pronouncement and the written judgment because the district court satisfied the pronouncement requirement by orally adopting the district's standing order through its shorthand reference.

As an initial matter, the parties disagree as to the standard of review. In *United States v. Martinez*, our court explained that when "a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had an opportunity to object before the district court." 47 F.4th 364, 366 (5th Cir. 2022) ("*Alexander Martinez*") (internal quotation marks and citations omitted). "The opportunity to object exists–and thus a district court satisfies the pronouncement requirement–when the court notifies the defendant at sentencing that conditions are being imposed." *Id.* at 367 (internal quotation marks and citation omitted). If the defendant had the opportunity to object, we review for plain error; however, if the defendant did not, we review for

abuse of discretion. *See id.* at 366. Therefore, we cannot resolve the disagreement as to the appropriate standard of review until we determine whether the district court satisfied the oral pronouncement requirement.

## III.

Due process requires that the district court orally announce any conditions for supervised release that are not mandatory under 18 U.S.C. § 3583(d), *see United States v. Diggles,* 957 F.3d 551, 557 (5th Cir. 2020) (en banc); however, "oral pronouncement does not mean that the sentencing court must recite the conditions word-for-word." *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). To satisfy the oral pronouncement requirement, the district court may, among other things, reference a list of recommended supervised release conditions from a court-wide or judge-specific standing order. *Diggles*, 957 F.3d at 560-63 & n.5.

Since our court's en banc decision in *Diggles* in 2020, we have elaborated on the notice required to comply with a defendant's due process rights. For example, in *United States v. Vargas*, we affirmed a district court's imposition of the standard conditions listed in a court-wide standing order where the court stated that "the Court's mandatory, standard, and special conditions to be outlined momentarily" would be imposed. 23 F.4th 526, 527 (5th Cir. 2022). We affirmed on the grounds that, "it should have been clear to defense counsel in this case that the 'standard' conditions of supervised release mentioned by the sentencing judge were the same standard conditions referenced in Vargas's PSR and set forth in the Western District's standing order." *Id.*

After briefing closed in this case, our court issued *United States v. Baez-Adriano*, 74 F.4th 292 (5th Cir. 2023). In *Baez-Adriano*, the district court orally imposed "[t]he standard and mandatory conditions of supervision" at the sentencing hearing, despite the PSR listing no conditions

of supervised release. *Id.* at 296. The written judgment contained the standard and mandatory conditions as set forth in the Western District of Texas's standing order. *Id.* at 297. Baez-Adriano appealed and argued that the district court did not properly pronounce at sentencing the standard and mandatory conditions. *Id.*

Our court held, "[I]f the conditions imposed in the written judgment match those in the standing order, a district court need only orally reference the standard conditions to satisfy the pronouncement requirement. In that instance, a simple reference to 'standard conditions' is sufficient." *Id.* at 301. Our court elaborated, "[W]hen the [district] court imposes standard conditions of supervised release sourced from a standing order, the PSR's inclusion or exclusion of said conditions is irrelevant." *Id.* Accordingly, our court held that the district court satisfied the pronouncement requirement. *Id.* at 301, 304 (affirming the judgment, but urging that sentencing judges highlight standard conditions as a best practice).

Here, like in *Baez-Adriano*, the district court made a shorthand reference to the "standard" conditions of supervised release when imposing its sentence. The written judgment in both cases mirrored the standard conditions as listed in that district's standing order, but neither defendant had the benefit of a PSR containing the "standard" terms of supervised release.

In supplemental letter briefing to this court, Reyna concedes some similarity between his case and *Baez-Adriano*; however, he argues that the expedited sentencing in his case and the absence of a PSR indicate that the oral pronouncement requirement was not met. The distinction put forth by Reyna—the absence of a PSR in Reyna's case as compared to a PSR silent on the terms of supervised release in Baez-Adriano's case—is irrelevant. As our court explained in *Baez-Adriano*, the district "court's reference to and oral

imposition of the court-wide standard conditions . . . is dispositive." 74 F.4th at 301. If whether a PSR includes the standard conditions is "irrelevant" where the district "court imposes standard conditions of supervised release sourced from a standing order," *id.*, it follows that the absence of a PSR is irrelevant in that same context. In fact, Reyna's case may be simpler to resolve than Baez-Adriano's as Reyna could not have been under the misimpression that the district's "standard" conditions of supervised release would not be imposed because they were not contained in his PSR.

Reyna also contends that the expedited sentencing—held immediately after re-arraignment—left "little opportunity to discuss" the implications of the various aspects of the sentencing hearing. The district court docket reflects that on March 9, 2023, the district court set the re-arraignment and sentencing hearing to be held simultaneously on March 14, 2023. While this schedule was compressed, there is no indication in the record or in the briefing that trial counsel felt unprepared to handle the sentencing hearing or was unable to communicate with his client. Moreover, the docket reveals no objection by either party to this schedule.

The Southern District of Texas's standing order provided advance notice of the standard conditions of supervised release, which the district court then orally adopted via shorthand reference at the sentencing hearing. The written judgment listed the standard conditions of supervised release contained in the district's standing order. Based on our precedent, the district court satisfied the oral pronouncement requirement. *Baez-Adriano*, 74 F.4th at 301. Because Reyna did not object during the sentencing hearing, plain-error review applies. *See Alexander Martinez*, 47 F.4th at 366.

Reyna, who argues that our review is for abuse of discretion, did not brief the four plain-error prongs. *See United States v. Escalante-Reyes*, 689

No. 22-20163

F.3d 415, 419 (5th Cir. 2012) (en banc) (internal quotations omitted) (quoting *Puckett v. United States,* 556 U.S. 129, 135 (2009)).

We discern no error in the district court's oral imposition of the standard conditions of supervised release contained in the district's standing order, which mirror the conditions then listed in the written judgment. Furthermore, even if we assume the first three prongs of the plain-error test, Reyna has not met his burden in demonstrating that any claimed error affected "the fairness, integrity or public reputation of judicial proceedings." *See Puckett*, 556 U.S. at 135; *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

AFFIRMED.