# United States Court of Appeals
## for the Fifth Circuit

———————————

No. 23-50620
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jubenson Dominique,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-434-1

———————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jubenson Dominique appeals the sentence imposed following his jury-trial conviction, claiming several conditions of supervised release in the written judgment conflict with the oral pronouncement at sentencing.

"When a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had an

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

opportunity to object before the district court." *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). "Conditions of supervised release are part of a defendant's sentence and must be pronounced unless their imposition is required by 18 U.S.C. § 3583(d)." *United States v. Baez-Adriano*, 74 F.4th 292, 298 (5th Cir. 2023); *see United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc).

In the written judgment for this case, conditions 8 through 10, labeled as "mandatory", and all of the conditions labeled as "standard" (except for the portion of Standard Condition 17 ordering Dominique to not reenter the United States illegally), are not conditions required under 18 U.S.C. § 3583(d). *See United States v. Vasquez-Puente*, 922 F.3d 700, 705 (5th Cir. 2019) (explaining no-reentry condition merely restates mandatory condition in § 3583(d) that defendant "not commit another federal . . . crime"). Therefore, the district court was required to pronounce these conditions at sentencing, but it did not do so. *See Diggles*, 957 F.3d at 559. And, because Dominique did not have an opportunity to object in district court, our review is for abuse of discretion. *E.g.*, *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022) (outlining standard).

Although a district standing order contained the discretionary conditions, and Dominique's presentence investigation report (PSR) referenced the standing order, the court did not refer to that order or its conditions at sentencing. *See Baez-Adriano*, 74 F.4th at 301 (explaining that "[i]t is the court's reference to and oral imposition of the court-wide standard conditions that is dispositive"). Moreover, even if the court had referred to the "standard and mandatory conditions", it did not verify that Dominique reviewed the PSR or standing order with counsel. *See Diggles*, 957 F.3d at 561 n.5 (explaining that "the court must ensure . . . that the defendant had an opportunity to review [a document proposing conditions] with counsel").

No. 23-50620

Accordingly, because the written judgment conflicts with the oral pronouncement, the unpronounced, discretionary conditions must be removed from the written judgment to conform it to the oral sentence. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006) ("If a conflict exists, the appropriate remedy is remand to the district court to amend the written judgment to conform to the oral sentence."); *Martinez*, 47 F.4th at 367–68.

AFFIRMED in part; VACATED in part; REMANDED for amendment of the written judgment to conform with the oral pronouncement of sentence.