# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-40319
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Argelio Chavero,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-1015-2

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Argelio Chavero pleaded guilty to importing methamphetamine and was sentenced to 188 months of imprisonment and five years of supervised release. He argues that the district court's written judgment conflicts with its oral pronouncement of sentence and that the written judgment must be corrected. Specifically, he contends that the district court's vague statement

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that he was to comply with the standard conditions of supervised release adopted by the court fell short of providing the notice required by *United States v. Diggles*, 957 F.3d 551, 556 (5th Cir. 2020) (en banc).

Because Chavero had an opportunity to object when the district court stated that it was imposing the "standard conditions adopted by this [c]ourt," and he did not do so, we review for plain error. *See United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021). Thus, he must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he successfully makes that showing, this court should exercise its discretion to remedy the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In this case, there is a longstanding district-wide order to which the district court made a shorthand reference in imposing the standard conditions of supervision. We have found no error or no plain error under similar circumstances. *See United States v. Reyna*, 80 F.4th 628, 629-631 (5th Cir. 2023); *United States v. Baez-Adriano*, 74 F.4th 292, 300-01 (5th Cir. 2023). Thus, Chavero fails to show that the district court clearly or obviously erred. Further, he makes no showing as to the remaining plain error prongs.

AFFIRMED.