# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40552
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ILLEYSEL CARCASSES,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-620-1

————————————————————

Before JOLLY, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Following a jury trial, Illeysel Carcasses was convicted of transporting an illegal alien within the United States. The district court sentenced him to 18 months of imprisonment, to be followed by two years of supervised release. On appeal, Carcasses argues that the district court's statements at the end of the sentencing hearing modified the immigration-related

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40552

supervised release condition that the court had already orally pronounced, creating a conflict between the pronouncement and written judgment.

We need not decide the standard of review because there was no error. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). At the sentencing hearing, the district court stated that the immigration-related condition recommended by the presentence report would be imposed, and that same condition was set forth in the written judgment. Contrary to Carcasses's assertions, that pronouncement was not orally modified by the district court's statements at the end of the sentencing hearing. To the extent there was any ambiguity, it is clear from the discussion that the district court at that point was focused solely on Carcasses's ability to self-surrender for incarceration. There is no support for the contention that the court intended to modify the immigration-related supervised release condition it had already pronounced. *See United States v. Baez-Adriano*, 74 F.4th 292, 303 (5th Cir. 2023).

Accordingly, the judgment of the district court is AFFIRMED.