# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2025

Lyle W. Cayce
Clerk

No. 24-20424

United States of America,

*Plaintiff—Appellee*,

*versus*

Emil Bon Chicol-Najarro,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-31-1

Before Elrod, *Chief Judge*, and Duncan and Engelhardt, *Circuit Judges*.

Per Curiam:

Emil Bon Chicol-Najarro challenges the report-upon-reentry condition of his supervised release. Because the challenged condition creates a conflict between the district court's oral pronouncement and its written judgment, we VACATE the condition and REMAND to the district court.

I

Chicol-Najarro pleaded guilty to illegal reentry after deportation and conviction of a felony offense. His presentence investigation report (PSR)

recommended a condition of supervised release requiring Chicol-Najarro to "report to the nearest probation office within 72 hours" every time he enters the United States. The district court did not mention Chicol-Najarro's PSR or the recommended report-upon-reentry condition at sentencing; however, the condition appears in the court's written judgment. Chicol-Najarro timely appealed, challenging the inclusion of the report-upon-reentry condition in the written judgment.

## II

Our standard of review "depends on whether [the defendant] had an opportunity to object before the district court." *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022) (quoting *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020)). "If he had the opportunity, we review for plain error; if he did not, we review for abuse of discretion." *Id.* Chicol-Najarro did not have the opportunity to object to the report-upon-reentry condition at sentencing, so we review for abuse of discretion.

## III

The district court must orally pronounce discretionary, but not mandatory, conditions of supervised release. *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020) (en banc). The statute regulating supervised release conditions, 18 U.S.C. § 3583(d), dictates whether a condition is discretionary or mandatory. *Id.* at 559. To satisfy the pronouncement requirement, a sentencing court must give a defendant "notice . . . and an opportunity to object." *Id.* at 560. "Oral in-court adoption of a written list of proposed conditions provides the necessary notice." *Id.* However, "the mere existence of such a document is not enough for pronouncement"; rather, "the court must orally adopt that list of conditions within the document when the defendant is in court and can

object." *United States v. Woods,* 102 F.4th 760, 768 (5th Cir. 2024) (quoting *United States v. Baez-Adriano*, 74 F.4th 292, 298 (5th Cir. 2023)).

When we review for abuse of discretion, "[t]he key determination is whether the discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *Id.* at 767 (quoting *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006)). If it is merely an ambiguity, "we look to the sentencing court's intent to determine the sentence." *Id.* (quoting *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006)). If the discrepancy creates a conflict, "the oral pronouncement controls." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). A conflict exists when "the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement[.]" *Mireles*, 471 F.3d at 558.

IV

Because the report-upon-reentry condition is not mandatory under Section 3583(d), the district court was required to pronounce it at sentencing. *See Diggles*, 957 F.3d at 559. The "mere existence" of Chicol-Najarro's PSR, without the court's oral adoption of the document when he "[was] in court and [could] object," does not satisfy the pronouncement requirement. *See Woods*, 102 F.4th at 768 (quoting *Baez-Adriano*, 74 F.4th at 298).

Inclusion of the report-upon-reentry condition in the district court's written judgment creates a conflict with its oral pronouncement because the condition "broadens the . . . requirements" of Chicol-Najarro's release. *See Mireles*, 471 F.3d at 558; *see also United States v. Magallon-Contreras*, 810 F.App'x 281, 284 (5th Cir. 2020) (explaining that report-upon-reentry is more burdensome than a standard condition of release because it applies to both unlawful and lawful reentry into the United States). A conflict exists, so "the oral pronouncement controls." *Mireles*, 471 F.3d at 557.

No. 24-20424

V

We VACATE the report-upon-reentry condition and REMAND to the district court to conform the judgment to its oral pronouncement.