# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-10422
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kedin Omar Perez-Gonzalez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CR-245-1

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Kedin Omar Perez-Gonzalez appeals his sentence following his guilty-plea conviction for illegal reentry into the country after having been previously removed.  He argues that the district court did not orally pronounce at sentencing most of the discretionary standard conditions of supervised release that were later included in the written judgment.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10422

Based on our review of the record and the briefing, we are persuaded that the district court did not orally pronounce Standard Conditions 2 through 13 when it imposed the sentence; as a result, Perez-Gonzalez did not have an opportunity to object, our review is for abuse of discretion, and the written judgment conflicts with the oral pronouncement of sentence. *See United States v. Diggles*, 957 F.3d 551, 556-60 (5th Cir. 2020) (en banc); *United States v. Baez-Adriano*, 74 F.4th 292, 297-300 (5th Cir. 2023). The challenged conditions must be stricken from the written judgment, *see United States v. Fields*, 977 F.3d 358, 366-67 (5th Cir. 2020), with the exception of Standard Condition 10, which is partially consistent with the mandatory condition that Perez-Gonzalez not commit another state or local offense and need only be stricken in part by removing the reference to dangerous weapons, *see* 18 U.S.C. §§ 3583(d), 922(g).

Accordingly, we VACATE the sentence in part and REMAND for the district court to amend its written judgment in accordance with this opinion.