# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2022

Lyle W. Cayce
Clerk

No. 22-40207

United States of America,

*Plaintiff—Appellee*,

*versus*

Cruz Alejandro Prado, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-781-2

Before Higginbotham, Southwick, and Higginson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Cruz Alejandro Prado, Jr., challenges the sentence imposed following the revocation of his supervised release. Specifically, Prado argues that two special conditions included in his written judgment should be vacated because they were not pronounced orally at sentencing as required by this Court's precedent.

To satisfy a defendant's "constitutional right to be present at sentencing," *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003), "[a] district court must orally pronounce a sentence," *United States v. Grogan*,

977 F.3d 348, 351 (5th Cir. 2020) (citing *United States v. Diggles*, 957 F.3d 551, 556-57 (5th Cir. 2020) (en banc)). "Including a sentence in the written judgment that the judge never mentioned when the defendant was in the courtroom is 'tantamount to sentencing the defendant *in abstentia.*'" *Diggles*, 957 F.3d at 557 (quoting *United States v. Weathers*, 631 F.3d 560, 562 (D.C. Cir. 2011)).

When there is a discrepancy between the oral pronouncement and the written judgment, we must first determine whether such discrepancy "is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). A conflict occurs "[i]f the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement," *id.* at 558, or imposes more burdensome conditions, *see United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006). In the event of a conflict, the written judgment must be amended to conform with the oral pronouncement, which controls. *Grogan*, 977 F.3d at 352.

Where, as here, a defendant did not object to the conditions of supervised release in the district court, the standard of review depends on whether the defendant had an opportunity to object to the condition at sentencing. *Diggles*, 957 F.3d at 559-60. If the defendant had a chance to object yet failed to do so, plain error review applies. *Grogan*, 977 F.3d at 352. If the defendant lacked that chance, we review for abuse of discretion.[1] *Id.*

The Government concedes that Special Condition 6 in the written judgment, which requires Prado to refrain from excessive use of alcohol, was

---

[1] Because the conditions to which Prado objects were not mandatory under U.S.C. § 3583(d) and were not included in the PSR or the original judgment and therefore could not be incorporated by reference, the parties agree that oral pronouncement was required. *See Diggles*, 975 F.3d at 558-60.

not orally pronounced and accordingly must be removed from the written judgment. *See Diggles*, 957 F.3d at 556-559.

The parties dispute, however, whether the first sentence of Special Condition 2 in the written judgment should be similarly struck. Special Condition 2 requires Prado to "take all mental-health medications that are prescribed by [his] treating physician." At the sentencing hearing, the district court generally discussed Prado's need for medication to treat his bipolar disorder, anxiety, and ADHD, and probation recommended that mental health treatment be imposed as a condition of supervised release so that Prado could receive such medication. Following this discussion, the district court pronounced that it would require Prado to undergo mental health treatment as a condition of supervised release. In so doing, the district court noted that "the programming need[ed] to be tailored to [Prado's] specific ADHD and impulsivity disorder so that he [could] get meds for that." The district court closed by informing Prado that the Government would pay for his medication if he could not afford it and expressing his hope that the medication would help keep Prado out of trouble.

Although the Government contends that the statements by the district court made it clear that Prado would be required to take his prescribed mental health medication as a condition of release, we agree with Prado that the general discussion about his need for medication was insufficient to put him on notice that the court was imposing a requirement to take such medication. Simply put, stating that Prado *should* participate in a mental health program that gives him access to medication and expressing hope that these medications will help him is not the same as imposing a judicial requirement, subject to further revocation, that he *must take* those medications. Requiring Prado to take all his medication can be either be viewed as broadening or expanding the requirements of supervised release, *see Mireles*, 571 F.3d at 558, or imposing a more burdensome condition—taking medication—than the

oral pronouncement, *see Bigelow*, 462 F.3d at 383. In either case, it constitutes a conflict between the written judgment and the oral pronouncement, and the condition must be removed from the written judgment. *See Diggles*, 957 F.3d at 556-59; *see also United States v. Hernandez*, 2022 WL 1224480, at *2 (5th Cir. Apr. 26, 2022) (unpublished) (finding that the district court abused its discretion by imposing a written condition to take all prescribed mental health medications where the oral pronouncement referenced only the requirement to participate in a mental health treatment program).

Accordingly, we VACATE in part and REMAND to the district court to amend the written judgment in accordance with this opinion. In all other respects, the judgment is AFFIRMED.