# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2023

Lyle W. Cayce
Clerk

_____

No. 22-20266

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Theapolis Nelson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-98-1

_____

Before Smith, Higginson, and Willett, *Circuit Judges*.
Per Curiam:[*]

Theapolis Nelson appeals the district court's written judgment imposing certain supervised-release conditions that the district court did not orally pronounce at sentencing. Because some of the written conditions are broader than those orally pronounced, we partially VACATE the sentence and REMAND for the district court to modify the judgment to conform with its oral pronouncement.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20266

## I

Theapolis Nelson pleaded guilty to a single-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court[1] sentenced Nelson to 80 months' imprisonment and 3 years' supervised release. The court instructed Nelson that while on supervised release he is "not to use drugs," must get an education "of some kind for some good," and must get vocational training. The court further ordered that Nelson contribute half of his prison income to his mother who cares for his child. But, after hearing Nelson's objection, the district changed this condition to a suggestion, stating that such a contribution would be "a first step to a decent life."

The written judgment reiterated the length of incarceration and supervised release stated at sentencing. On top of the statutorily mandated supervised-release conditions, the district court's written judgment imposed 15 "standard conditions" for supervised release:

> 1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

> 2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

---

[1] The district court judge, Judge Hughes, assumed senior status in February and is no longer hearing cases. *See Amended Division of Work Order*, Gen. Order No. 2023-03 (S.D. Tex. Feb. 10, 2023).

No. 22-20266

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

No. 22-20266

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

14. If restitution is ordered, the defendant must make restitution as ordered by the Judge and in accordance with the applicable provisions of 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663A and/or 3664. The defendant must also pay the assessment imposed in accordance with 18 U.S.C. § 3013.

15. The defendant must notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

The judgment also imposed 8 "special conditions" for supervised release:

[1.] You must participate in an outpatient substance-abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program, including the provider, location,

modality, duration, and intensity. You must pay the costs of the program, if financially able.

[2.] You may not possess any controlled substances without a valid prescription. If you do have a valid prescription, you must follow the instructions on the prescription.

[3.] You must submit to substance-abuse testing to determine if you have used a prohibited substance, and you must pay the costs of the testing if financially able. You may not attempt to obstruct or tamper with the testing methods.

[4.] You may not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances, including synthetic marijuana or bath salts, that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer.

[5.] You must participate in an educational services program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use. You must pay the costs of the program.

[6.] You are required to participate in a vocational training program.

[7.] You must not communicate, or otherwise interact, with any known gang members, including the Gangster Disciples, without first obtaining the permission of the probation officer.

[8.] You must meet any legal obligation to support or make payments toward the support of any dependent children.

Nelson timely appealed. He challenges solely the district court's imposition of standard conditions 2–15 and special conditions 1, 3, 4, 7, and 8.

## II

Due process requires that the district court orally announce any conditions for supervised release that are not mandatory under 18 U.S.C. § 3583(d). *See United States v. Diggles*, 957 F.3d 551, 557, 563 (5th Cir. 2020) (en banc). "Accordingly, where the oral pronouncement and written judgment conflict, the oral pronouncement controls." *United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021) (citation omitted). The two conflict if the written judgment "broadens the restrictions" of or "imposes more burdensome conditions" than the oral pronouncement. *United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022) (citations and internal quotation marks omitted). "In the event of a conflict, the written judgment must be amended to conform with the oral pronouncement." *Id.* (citation omitted).

When, as here, a defendant objects to a condition of supervised release "for the first time on appeal, we usually review only for plain error." *Diggles*, 957 F.3d at 559 (citation omitted). But if the defendant had no chance to object because the condition was not pronounced at sentencing, then our review is for abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

## A

Nelson first challenges the district court's inclusion of standard conditions 2–15 in the written judgment. He argues that these conditions were never pronounced at sentencing and thus the district court erred in imposing them. The Government agrees with Nelson except as to standard condition 10.

Standard conditions 2–15 are standard supervised-release conditions adopted by the Southern District of Texas in its General Order No. 2017-01 (S.D. Tex. Jan. 6, 2017). Probation recommended that Nelson comply with these conditions in the PSR. Still, the court did not pronounce any of these

No. 22-20266

conditions at sentencing. Nor did it reference or orally adopt the district's standard conditions or the PSR at sentencing. *See Diggles*, 957 F.3d at 560–61 & n.5; *compare United States v. Martinez*, 15 F.4th 1179, 1180–81 (5th Cir. 2021). Nevertheless, the district court did not abuse its discretion in imposing these conditions if they are reconcilable with the district court's oral pronouncement.

Conditions 2–9 and 11–15 are irreconcilable. These conditions are separate and in addition to the conditions given at sentencing. They are new and thus more burdensome restrictions. So the district court abused its discretion in imposing them. Accordingly, the district court must strike them from the judgment.

By contrast, standard condition 10 (dangerous weapon ban) is mostly consistent with the district court's oral pronouncement that Nelson must not commit any other crimes. As a felon, Nelson is prohibited under federal law from possessing firearms, ammunition, and destructive devices. *See* 18 U.S.C. §§ 922(g)(1) (prohibiting a felon from possessing any firearm or ammunition), 921(a)(3) (defining the term firearm to include any destructive device). However, the district court must modify this condition "to the extent this condition broadens the statutory restriction by prohibiting the possession of other dangerous weapons." *United States v. Jackson*, No. 20-50922, 2022 WL 738668, at *3 (5th Cir. Mar. 11, 2022) (per curiam); *see also United States v. Garcia-Marcelo*, No. 21-50700, 2022 WL 3684613, at *4 (5th Cir. Aug. 25, 2022) (per curiam).[2]

---

[2] Unpublished opinions issued on or after January 1, 1996, are not binding precedent but may be considered persuasive authority. *See* 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

B

The district court likewise did not pronounce any of the special conditions at sentencing. Nelson only challenges conditions 1 (drug treatment), 3 (drug testing), 4 (psychoactive substances), 7 (gang communication), and 8 (child support).

The Government agrees that conditions 1, 3, and 7 conflict with the oral sentence and should be stricken. We agree with the parties. Probation recommended special conditions 1, 3, and 7 in the PSR. Again, the district court did not orally adopt the PSR or otherwise orally pronounce these conditions at sentencing. As these conditions add restrictions on top of the pronounced conditions, they conflict with the oral sentence and must be excised.

The same is true of special condition 8 which requires Nelson to meet any legal obligations for child support. The Government argues that this requirement is consistent with, and narrower than, the district court's oral instruction that Nelson contribute half of his prison income to his mother to care for his child. But while the district court discussed Nelson paying child support, it ultimately only *suggested* that Nelson use his prison income to support his child—it did not *order* him to do so. Thus, this condition must be stricken from the judgment to match the oral sentence.

Special condition 4, however, is consistent with the district court's broad instruction that Nelson is "not to use drugs." If anything, special condition 4 clarifies the broad oral condition by specifying what it meant by "use" (purchase, possess, distribute, administer, or otherwise use) and which drugs (psychoactive substances). *Cf. United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013) (per curiam) (There is no conflict if "the written judgment simply clarifies an ambiguity in the oral pronouncement."). We thus agree with the Government that there is no conflict between this written

No. 22-20266

condition and the oral pronouncement. Nelson does not otherwise argue how this provision conflicts with the oral judgment.[3]

### III

We VACATE IN PART Nelson's sentence and REMAND for the district court to amend its written judgment in accordance with this opinion.

---

[3] Nelson did not file a reply brief.