# United States Court of Appeals for the Fifth Circuit

———————

No. 23-20148
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Quince Aluiso,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-339-1

———————————————————

Before King, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Quince Aluiso was sentenced to seven months of imprisonment and 36 months of supervised release following the revocation of his term of supervision.[1]  In pronouncing the conditions of supervised release, the

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Although Aluiso has been released from the custody of the Bureau of Prisons, his appeal is not moot because he is currently serving a term of supervised release. *See United States v. Vega*, 960 F.3d 669, 672-75 (5th Cir. 2020).

district court stated that Aluiso shall participate in a sex offender treatment program and that such program "may include . . . polygraph testing . . . to assist in treatment and case monitoring administered by the sex offender contractor or their designee."

Aluiso appeals the revocation sentence, arguing that the written judgment conflicts with the oral pronouncement because it includes an unpronounced discretionary condition requiring him to submit to "periodic polygraph testing at the discretion of the probation officer." He asserts that because there is a conflict between the oral pronouncement and written judgment, the unpronounced condition must be stricken from the judgment.

Because Aluiso did not have an opportunity to object to the unpronounced polygraph testing condition in the district court, we review for an abuse of discretion. *See United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022). The polygraph testing condition is not required by 18 U.S.C. § 3583(d) and, therefore, the district court was required to pronounce it at the revocation hearing. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). Further, the condition that appears in the written judgment was not set forth in any document adopted by the district court, such as a presentence report or a district-wide standing order. Because the inclusion of the polygraph testing condition in the written judgment broadened the requirements of supervised release that the district court orally pronounced, there is a conflict, and the oral pronouncement of the sentence controls. *See United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022).

Accordingly, we AFFIRM in part, VACATE in part, and REMAND to the district court for the limited purpose of amending the written judgment to conform with the oral pronouncement of the sentence.