# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2024

Lyle W. Cayce
Clerk

No. 23-10623

United States of America,

*Plaintiff—Appellee*,

*versus*

Candace Leigh Roberson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-270-1

Before Southwick, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Defendant Candace Leigh Roberson raises two challenges to conditions of supervised released contained in the district court's revocation judgment. For the reasons explained below, we MODIFY the judgment in part and AFFIRM in part.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10623

## I.    Background

Roberson pleaded guilty to one count of Conspiracy to Possess with Intent to Distribute a Controlled Substance—gamma hydroxybutyric acid ("GHB")—in violation of 21 U.S.C. § 846. The district court sentenced her to time served and three years of supervised release.

Because it is relevant to the district court's actions discussed below, we also note that Roberson had previously been charged with four counts of manslaughter stemming from a four-vehicle collision that resulted in the deaths of four family members, including two children.[1] Following the crash, officers found in Roberson's car amphetamine salts and 1,176.5 grams of a liquid that tested positive for GHB.

A few months into Roberson's supervised release, the district court set a revocation hearing because probation reported multiple violations of her conditions of supervised release. At the revocation hearing, she admitted to violating her supervised release conditions by: (1) possessing and using GHB, (2) leaving the jurisdiction without prior authorization, (3) failing to participate in an outpatient mental health treatment program as required, and (4) failing to participate in an outpatient treatment program for substance abuse as required. Based on Roberson's plea of true, the district court found that she had committed a Grade C violation, revoked her supervised release, and sentenced her to a term of nine months' imprisonment to be followed by twenty-seven months of supervised release. The district court noted that it had given Roberson "a shot last time, and [she] blew it" and that detention was warranted because she is "just too dangerous to be out there running around" because she "can't control" herself.

_____

[1] That charge was still pending as of April 2023. Neither party has indicated that the status of that charge has changed.

No. 23-10623

At the revocation hearing, the district court stated that it was reimposing the conditions of supervised release that it imposed in Roberson's original judgment. One such condition, which is relevant here, stated that "[a]fter initially reporting to the probation officer, you will receive instruction from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed." The district court added that Roberson should "make a good-faith effort to get full-time employment." Regarding Roberson's ability to drive, the district court stated:

> And I want the Probation [Department] to add something on there . . . I want them to determine whether or not you ought to be able to drive a car. I mean, I just don't think – I mean, we can't really put a monitor on you for [the] kind of drugs you use. We can for booze. But I don't know if there's any monitors for that otherwise, but I want the Probation Department to consider limiting your ability to drive. And I think you need to be riding in a bus or uber or whatever or getting a friend to take you. You're just – it's just too dangerous to have you out there doing things and being on these kinds of drugs.

Roberson did not object to her sentence.

The written revocation judgment included the same mandatory and standard conditions of supervised release that were included in the original judgment. It also contained two special conditions that were not included in the original judgment:

> The Defendant shall report in person to the probation officer weekly a[n]y time she is unemployed and shall provide proof to the probation officer that she is making good-faith effort to secure full-time, legitimate, verifiable employment that is approved by her probation officer. Once Defendant is

employed, she shall report to the probation officer on any other schedule as directed by the probation officer.

The probation officer shall consider limiting the Defendant's ability to legally drive a car.

Roberson filed a timely notice of appeal.

## II.     Jurisdiction & Standard of Review

This is a direct appeal from a sentence imposed in a criminal case. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The standard of review for conditions of supervised release depends on whether the defendant had an opportunity below to object to the condition. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). The parties agree, as do we, that Roberson did not have an opportunity to object to the weekly in-person reporting requirement before the district court issued the revocation judgment. Accordingly, we review Roberson's challenge to that condition for abuse of discretion. *See United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022).

"[T]he impermissible delegation of judicial authority is a question of law . . . reviewed de novo," if properly preserved. *United States v. Medel-Guadalupe*, 987 F.3d 424, 430 n.7 (5th Cir. 2021) (per curiam) (italics omitted). But the parties agree, as do we, that Roberson did not object below to the district court's alleged improper delegation of authority. Accordingly, we review for plain error the district court's order that probation consider limiting Roberson's ability to drive a car. *See id.* at 430.

Under plain error review, Roberson must show "(1) an error (2) that is clear or obvious, [and] (3) that affects substantial rights." *United States v. Huerta*, 994 F.3d 711, 716 (5th Cir. 2021) (quotation omitted). If she makes

that showing, we have discretion to correct the reversible plain error, but generally should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration adopted) (quotation omitted).

## III.     Discussion

### A. Weekly-reporting requirement

The first issue before us is whether the district court abused its discretion by issuing a revocation judgment that requires Roberson to report weekly to probation any time she is unemployed, despite the district court not orally pronouncing that requirement at the revocation hearing.

"The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing." *Diggles*, 957 F.3d at 556. "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *Id.* at 557. "Pronouncement is not required for . . . 'mandatory' and 'standard' conditions," but is "required for 'discretionary' and 'special' conditions." *Id.*

"When there is a discrepancy between the oral pronouncement and the written judgment," the first question is "whether such discrepancy is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *Prado*, 53 F.4th at 318 (internal quotation marks and citation omitted). "A conflict occurs if the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement or imposes more burdensome conditions." *Id.* (cleaned up). "In the event of a conflict, the written judgment must be amended to conform with the oral pronouncement, which controls." *Id.*

Roberson argues that the weekly-reporting requirement broadens the requirements of her supervised release beyond the requirements orally

pronounced at sentencing.  The government responds that no discrepancy exists because multiple re-imposed and properly pronounced standard conditions subsume the weekly-reporting requirement.  In particular, the government asserts that the condition that Roberson "must report to the probation officer as instructed" gave probation the authority to determine the frequency of the reporting requirement.

We hold that the weekly reporting requirement creates a discrepancy between the oral pronouncement and the written judgment that is a conflict rather than a mere ambiguity.  *See Prado*, 53 F.4th at 318.  We agree with Roberson that a weekly reporting requirement "impos[es] a more burdensome requirement" than a generic, to-be-determined reporting requirement, especially considering the likely restrictions on her ability to drive a car.  *See United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006).  Also, we are not persuaded that the standard reporting condition merely "subsumes" the weekly-reporting requirement.  The standard condition states that "*[a]fter* initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer."  But Roberson had not even started her nine-month prison sentence—let alone reported to probation upon entering supervised release—when the district court issued its revocation judgment containing the weekly-reporting requirement.  It is therefore a distinct condition that is not subsumed by the standard reporting requirement.

Although we often remand such discrepancies to the district court to strike the unpronounced condition, *see, e.g.*, *United States v. Omigie*, 977 F.3d 397, 407 (5th Cir. 2020), both parties request that, in the event of a discrepancy, we modify the judgment ourselves rather than remand.  Pursuant to 28 U.S.C. § 2106, and in the interest of judicial economy, we exercise our discretion to modify the revocation judgment by striking the

weekly-reporting requirement as set forth in the judgment.[2] *See United States v. Elkins*, 335 F. App'x 457, 459 (5th Cir. 2009) (per curiam).

## B. Limiting Roberson's ability to drive

The second issue is whether the district court committed reversible plain error by delegating to probation the authority to limit Roberson's ability to drive.

"A district court cannot delegate to a probation officer the core judicial function of imposing a sentence, including the terms and conditions of supervised release." *Huerta*, 994 F.3d at 716 (cleaned up). "In the context of conditions of supervised release, a district court may delegate only the 'details' of the conditions; it may not delegate the imposition of the conditions themselves." *Id.*

Many of our cases dealing with delegated authority to probation arise in the context of conditions requiring defendants to attend treatment programs. *See, e.g.*, *United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017) (per curiam). We have not, however, addressed the limits of delegated authority in the context of restrictions on a person's ability to drive. So even assuming arguendo that the district court erred, Roberson has failed to demonstrate that the alleged error was clear or obvious. *See United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010) (holding no plain error because "[t]here [we]re no published decisions in this Circuit that address the statutory and constitutional limits on a district court's authority to delegate to a probation officer the determination of whether and to what extent a

---

[2] This opinion does not change Standard Condition No. 2 which, at the time stated in the revocation judgment, was dependent on a future decision by the district court or probation. The district court and the probation officer have current authority that is not at issue in this appeal.

No. 23-10623

convicted defendant on supervised release must participate in counseling"); *United States v. Vega*, 332 F.3d 849, 852 n.3  (5th Cir. 2003) (per curiam) (considering improper delegation argument and holding that there was no plain error because we had not yet addressed that issue).  We therefore conclude that the district court did not commit reversible plain error by delegating to probation the authority to limit Roberson's ability to drive.

## IV.    Conclusion

For the reasons explained above, we MODIFY the district court's revocation judgment by striking the weekly-reporting requirement as set forth in the judgment and AFFIRM the condition regarding driving limitations.