# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30281
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Tyrone Smothers,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-162-1

————————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Tyrone Smothers appeals the sentence imposed following his guilty-plea conviction, contending that two conditions of supervised release in the written judgment conflict with the oral pronouncement at sentencing. Because the alleged conflicts between the oral pronouncement and the written judgment first appeared in the written judgment, such that Smothers

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

did not have the opportunity to object to them in the district court, we review for abuse of discretion. *E.g.*, *United States v. Baez-Adriano*, 74 F.4th 292, 298 (5th Cir. 2023). Smothers claims (and the Government agrees) the written judgment rendered two conditions more burdensome, conflicting with the oral pronouncement. *See United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022).

Regarding the substance-abuse treatment condition, the judgment provides that participation in such program may include inpatient treatment. The oral pronouncement, however, imposed only outpatient treatment.

And, in its oral pronouncement, the court adopted a search condition requiring the search to be: based on "reasonable suspicion" that Smothers had violated a release condition; and "conducted at a reasonable time and in a reasonable manner". The judgment, however, fails to include any of those reasonableness limitations.

Accordingly, because the written judgment conflicts with the oral pronouncements, the unpronounced conditions must be removed from the written judgment to conform it to the oral sentence. *E.g.*, *Prado*, 53 F.4th at 318 ("A conflict occurs if the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement, or imposes more burdensome conditions") (citation omitted); *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006) ("If a conflict exists, the appropriate remedy is remand to the district court to amend the written judgment to conform to the oral sentence.").

AFFIRMED in part; VACATED in part; REMANDED for amendment of the written judgment to conform with the oral pronouncement of sentence.