# United States Court of Appeals for the Fifth Circuit

---

No. 24-20351
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Antonio Dexiga-Carreras,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-68-1

---

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:*

Juan Antonio Dexiga-Carreras pleaded guilty to illegally reentering the United States after being removed following a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced him to 30 months of imprisonment, to be followed by three years of supervised release. For the first time in this appeal, he argues that there is an

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20351

impermissible conflict between the oral pronouncement of his sentence and his written judgment with respect to a condition of supervised release, specifically the prohibition on "possessing" alcohol.

As an initial matter, we apply plain-error review here because Dexiga-Carreras had notice of, and an opportunity to object to, the prohibition on "possessing" alcohol. *See United States v. Grogan*, 977 F.3d 348, 351-53 (5th Cir. 2020). With respect to the merits, Dexiga-Carreras's reliance on *United States v. Prado*, 53 F.4th 316 (5th Cir. 2022), is misplaced, as the presentence report (PSR) here provided a list of proposed conditions of supervised release, including that he "must not use or possess alcohol," and the district court orally adopted that condition via a shorthand reference to banning alcohol "use," such that the inclusion of the challenged condition in the written judgment was not error, plain or otherwise. *See Grogan*, 977 F.3d at 353-54; *Prado*, 53 F.4th at 318 n.1.

The judgment of the district court is AFFIRMED.