# United States Court of Appeals for the Fifth Circuit

---

No. 23-50839
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HECTOR ALEJANDRO GUTIERREZ-CORONA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-1075-1

---

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Hector Alejandro Gutierrez-Corona appeals the sentence imposed following his guilty-plea conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. The district court sentenced him to time served and three-years' supervised release.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50839

Gutierrez contends that three supervised-release conditions imposed orally at his sentencing hearing conflict with the written judgment because the judgment omits those three conditions. In that regard, the district court ordered, *inter alia*, that after completing his term of imprisonment, he must: surrender to the custody of United States Immigration and Customs Enforcement (ICE) officials for removal proceedings; cooperate with ICE in any removal proceedings; and not reenter the United States without prior written permission from the pertinent immigration authority. Because the claimed conflict did not arise until the court entered the written judgment, review is for abuse of discretion. *See United States v. Baez-Adriano*, 74 F.4th 292, 298 (5th Cir. 2023).

In the case of a discrepancy between the oral pronouncement of the sentence and the written judgment, we must "determine whether such discrepancy is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record". *United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022) (citation omitted). "A conflict occurs if the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement . . . or imposes more burdensome conditions." *Id.* (citation omitted). "In the event of a conflict, the written judgment must be amended to conform with the oral pronouncement, which controls." *Id.*

The omission of the above-described conditions in the written judgment does not impose a more burdensome requirement than the oral sentence or broaden the orally-pronounced requirements. As the judgment currently stands, Gutierrez has fewer immigration-related obligations after he is released from prison than he would if the challenged conditions were included in the judgment. *See Prado*, 53 F.4th at 318; *see also Greenlaw v. United States*, 554 U.S. 237, 247 (2008) ("[I]n every case in which correction of a plain error would result in modification of a judgment to the advantage of a party who did not seek this Court's review, we have invoked the cross-

No. 23-50839

appeal rule to bar the correction."). Accordingly, there is no conflict requiring amendment of the written judgment. *See Prado*, 53 F.4th at 318.

    AFFIRMED.