# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2025

Lyle W. Cayce
Clerk

No. 25-20022

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HENRY ISMAEL RIVERA-HERNANDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-372-1

Before DENNIS, GRAVES, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Henry Ismael Rivera-Hernandez appeals the district court's application of two special conditions of supervised release on the basis that the written judgment conflicts with the district court's oral pronouncement of sentence.  Finding that the district court abused its discretion, we VACATE in part and REMAND to the district court for the limited

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20022

purpose of conforming the written judgment with the oral pronouncement of sentence as to the challenged conditions.

I.

On July 16, 2024, Rivera-Hernandez was indicted on one count of being found in the United States after a prior order of removal in violation of 8 U.S.C. § 1326(a). Rivera-Hernandez pleaded guilty without a plea agreement. The presentence report (PSR) calculated the sentencing guidelines range as 15-21 months. An appendix to the PSR included a list of proposed special conditions of release. Rivera-Hernandez submitted a statement of no objection. A sentencing hearing was held on January 13, 2025. Rivera-Hernandez was sentenced to 20 months' of imprisonment and one year of supervised release. He timely appealed.

II.

Rivera-Hernandez asserts that the district court's oral pronouncement of sentence conflicts with the written judgment and constitutes reversible error. His issue pertains to two special conditions of supervised release that were included in the appendix to the PSR. Rivera-Hernandez asserts that the district court failed to pronounce the two conditions but included them in the written judgment.

At sentencing, the district court said the following regarding supervised release:

> While on supervised release, you shall not commit another federal, state, or local crime, you shall comply with the standard conditions that are adopted by this Court under General Order No. 2017-1, abide by any mandatory conditions required by law, and to comply with the additional conditions as noted in the Appendix to the Presentence Investigation Report.

The written judgment listed the following special conditions of supervised release:

> You must immediately report, continue to report, or surrender to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed.  If you are ordered deported from the United States, you must remain outside the United States unless legally authorized to reenter.  If you reenter the United States, you must report to the nearest probation office within 72 hours after you return.

> You must seek proper documentation from U.S. Immigration and Customs Enforcement authorizing you to work in the United States.

Rivera-Hernandez correctly argues that, because the conditions in the appendix were not mandatory under 18 U.S.C. § 3583(d), pronouncement was required pursuant to *United States v. Diggles*, 957 F.3d 551, 556-59 (5th Cir. 2020).  While the district court did not explicitly pronounce the special conditions, it did say that Rivera-Hernandez was required "to comply with the additional conditions as noted in the Appendix to the Presentence Investigation Report."  The district court may satisfy pronouncement by referencing the document in which they are contained, so long as Rivera-Hernandez had notice and an opportunity to object. *Diggles*,  957 F.3d at 560 & n. 5.

However, Rivera-Hernandez asserts that the district court did not ask him whether he had reviewed the PSR or Appendix or discussed either with counsel.  He also says that the district court did not adopt the PSR or the appendix.  Thus, he argues that he had no opportunity to object. *Diggles*,  957 F.3d at 560-61.

The Government asserts that the district court properly adopted the PSR's appendix, and any failure of the court to ensure that Rivera-Hernandez

reviewed it with his counsel was harmless. We disagree for the reasons stated herein. The government also cites the unpublished decision of *United States v. Martinez-Rivera*, No 24-20031, 2025 WL 985711, at *2 (5th Cir. April 2, 2025), as persuasive authority. Under the longstanding rule of orderliness, this panel cannot disregard or overrule controlling precedent to follow an unpublished decision which is not precedent. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). However, we note that the government now takes an inconsistent position, as it conceded error in *Martinez-Rivera*. Additionally, while the government characterizes the argument in *Martinez-Rivera* as being "virtually identical," the panel concluded that Martinez-Rivera did not claim that the oral pronouncement differed from the written judgment. 2025 WL 985711 at * 1. Rivera-Hernandez argues here that it does. Moreover, the *Martinez-Rivera* panel was of the opinion that remanding for resentencing would be futile. *Id.* at * 3. But that is not the necessary outcome, as seen below.

This court has repeatedly explained the importance of orally pronouncing a sentence in published decisions. *See United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022); *see also Diggles*, 957 F.3d at 556-57; *United States v. Grogan*, 977 F.3d 348, 351 (5th Cir. 2020). We adhere to those decisions.

Rivera-Hernandez is correct that the district court here did not explicitly adopt the PSR or the appendix. Presumably, the district court's mention of the appendix in both its oral pronouncement and written judgment is an indication that it intended to adopt the appendix. But that is far from the "properly adopted" argued by the government. Moreover, this court reiterated in *Diggles* that "the pronouncement requirement is not a meaningless formality." 957 F.3d at 560. "Oral in-court adoption of a written list of proposed conditions provides the necessary notice." *Id.* at 560. "And the first order of business at most sentencing hearings is to verify that

the defendant reviewed the PSR with counsel.  Fed. R. Crim. P. 32(i)(1)(A). If he has not, the sentencing should not proceed." *Id*.  "When the defendant confirms review of the PSR and sentencing goes forward, a court's oral adoption of PSR-recommended conditions gives the defendant an opportunity to object." *Id.*

Because the district court did not confirm that Rivera-Hernandez reviewed the PSR or appendix with his counsel, we review for an abuse of discretion. *See Prado*, 53 F.4th at 318; *see also Diggles*, 957 F.3d at 559; *Grogan*, 977 F.3d at 352.  In light of the foregoing, we conclude that the district court abused its discretion by not orally pronouncing the two special conditions.

Accordingly, we VACATE in part and REMAND to the district court for the limited purpose of conforming the written judgment with the oral pronouncement of sentence as to the challenged conditions.

No. 25-20022

STUART KYLE DUNCAN, *Circuit Judge*, dissenting:

I respectfully disagree that vacatur of Rivera-Hernandez's discretionary sentencing conditions is compelled by *United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (en banc). Under *Diggles*, a defendant must have "notice of the sentence and an opportunity to object." 957 F.3d at 560. A court can satisfy these requirements, as *Diggles* explains, through "oral adoption of PSR-recommended conditions." *Ibid.* The record shows the district court did what *Diggles* requires.

The court began the sentencing hearing by explaining it had "reviewed the Presentence Investigation Report" as well as "the addendum to the Presentence Investigation Report." Throughout the hearing, Rivera-Hernandez's counsel had every opportunity to offer objections to the PSR or the Appendix but never did. Indeed, the court confirmed that counsel had filed a document stating Rivera-Hernandez did not object to the PSR. The court then calculated the Guidelines range "[b]ased on the [PSR]." Still no objection. Indeed, defense counsel acknowledged the court relied on the PSR. Finally, at the hearing's conclusion, the court explicitly incorporated into its pronouncement "the additional conditions as noted in the Appendix to the [PSR]." Once again, no objection.

So, there should be no question that Rivera-Hernandez had notice that the court was adopting the PSR and Appendix, including the non-mandatory conditions contained therein, and had multiple opportunities to object to them. That satisfies *Diggles*.

To hold otherwise, the majority suggests the district court had to "explicitly adopt" the PSR and Appendix. Op. at 4. As I read the hearing transcript, though, the district court did just that. Why else was the judge discussing those documents in open court? The majority also seizes on *Diggles*'s statement that a court must "verify that the defendant reviewed the

PSR with counsel." 957 F.3d at 560 (citing Fed. R. Crim. P. 32(i)(1)(A)); Op. at 5. But, again, that's essentially what the court was doing when it: (1) told Rivera-Hernandez it had "reviewed . . . the [s]tatement of [n]o [o]bjections to the [PSR] that was filed by your counsel"; and (2) later told him that he must "comply with the additional conditions in the Appendix to the [PSR]." In other words, Rivera-Hernandez was explicitly told that he would be subject to the conditions in the PSR Appendix and that his lawyer had offered no objection to them. He never hinted he had not reviewed those materials with his lawyer.

Admittedly, it would make our job of applying *Diggles* easier if district courts always used the words "adopt" and "verify." But *Diggles* wasn't about magic words. It was about giving defendants notice of discretionary sentencing conditions and a chance to object. Rivera-Hernandez had both.

Indeed, a recent unpublished decision, *United States v. Martinez-Rivera*, No. 24-20031, 2025 WL 985711 (5th Cir. Apr. 2, 2025), persuasively applies *Diggles* to similar facts. There, the district court didn't orally specify release conditions, but it did tell the defendant to comply with the conditions in the PSR Appendix. Moreover, the court did not "expressly confirm" the defendant "had reviewed the PSR with his attorney." *Id.* at *1. Nevertheless, the panel declined to vacate the conditions.

The panel reasoned that the court's failure to confirm the defendant's review of the PSR implicated Rule 32 but didn't show inconsistency between the written judgment and oral pronouncement. *Id.* at *2. Accordingly, the court's oral adoption of the supervised-release conditions in the Appendix gave the defendant notice and opportunity to object. *Ibid.* The same thing happened in this case. So, I would follow *Martinez-Rivera* and affirm.

I'm not persuaded by the majority's dismissal of *Martinez-Rivera*. Yes, the decision is unpublished, Op. at 4, but it persuasively applies *Diggles*

to nearly the same facts. *See, e.g.*, *United States v. Torres-Jaime*, 821 F.3d 577, 582 (5th Cir. 2016) ("Unpublished opinions, although not precedential, may be considered persuasive authority."). Following it doesn't "disregard or overrule" *Diggles*. Op. at 4. Nor does it matter that the government took a different position in *Martinez-Rivera* than here. *Ibid.* We're not bound by the government's position in either case. Nor were the arguments meaningfully different, as the majority suggests. *Ibid.* Both cases involved the same contention: namely, that there was an "inconsisten[cy]" between the written and oral pronouncements. *Martinez-Rivera*, 2025 WL 985711, at *1.

At bottom, like Martinez-Rivera, Rivera-Hernandez's "real argument is that the district court erred because it never confirmed that [he] had reviewed, or had the opportunity to review, the PSR and its appendix with his counsel." *Martinez-Rivera*, 2025 WL 985711, at *2 (internal quotation omitted). That argument should fail here for the same reason it failed there: the defendant was afforded *Diggles*'s baseline requirements of notice of the supervised-release conditions and an opportunity to object to them.

I respectfully dissent.