# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2025

Lyle W. Cayce
Clerk

No. 25-30042
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARLES CUNIGAN,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-163-1

———————————————————

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Charles Cunigan appeals the sentence imposed by the district court following his guilty plea conviction for conspiracy to commit sex trafficking of a minor. He argues that (1) the oral pronouncement required him to participate in an outpatient anger management and domestic violence program, but the written judgment broadened it to allow an inpatient

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30042

program and (2) the oral pronouncement prohibited him from cohabitating with anyone who had children under the age of 18, but the written judgment also prohibited him from dating anyone who had children under the age of 18. The Government concedes that the written judgment broadened these two special conditions and should be amended to conform to the oral pronouncement. Because the alleged conflicts first appeared in the written judgment, Cunigan did not have the opportunity to object to them in the district court, and, therefore, this we review for abuse of discretion. *See United States v. Baez-Adriano*, 74 F.4th 292, 298 (5th Cir. 2023).

Here, the written judgment deviates from the oral pronouncement. The written judgment broadened the special condition requiring Cunigan to participate in the anger management and domestic violence program by allowing an inpatient program. The written judgment also broadened another special condition by prohibiting him from dating anyone with children under 18. The additions to the special conditions in the written judgment made the conditions more burdensome than the oral pronouncement and produced conflicts. *See United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022)..

Based on the conflicts, the conditions in the written judgment must be amended to conform to the oral pronouncement. *See id.* Vacating and remanding the case to the district court for the entry of an amended judgment reduces "the risk of future confusion." *United States v. Fuentes-Rodriguez*, 22 F.4th 504, 506 (5th Cir. 2022). Accordingly, the judgment is AFFIRMED in part, VACATED in part, and REMANDED to the district court for the limited purpose of amending the written judgment to conform with the oral pronouncement.