# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2026

Lyle W. Cayce
Clerk

No. 25-20018

United States of America,

*Plaintiff—Appellee*,

*versus*

Nestor Villafana-Mondragon,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-581-1

---

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Stuart Kyle Duncan, *Circuit Judge*:

Nestor Villafana-Mondragon appeals the district court's imposition of two supervised-release conditions. He argues the conditions were not adequately pronounced at sentencing, as required by *United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (en banc). That is incorrect. The district court properly pronounced those conditions by orally adopting them from the Presentence Investigation Report (PSR), which is a procedure *Diggles* recommends. *See id.* at 560 (explaining "[o]ral in-court adoption of a written list of proposed conditions provides the necessary notice").

Villafana-Mondragon nonetheless insists *Diggles* imposes an additional duty on district courts—namely, the requirement under Federal Rule of Criminal Procedure 32(i)(1)(A) that the court verify defense counsel reviewed the PSR with his client. Even assuming that is a correct reading of *Diggles*, the record supports the conclusion that Villafana-Mondragon had ample opportunity to review the PSR with counsel and that counsel did in fact review the PSR with him.

Accordingly, Villafana-Mondragon's sentence is AFFIRMED.

I

Villafana-Mondragon pled guilty of illegally reentering the United States after being convicted of a felony in violation of 8 U.S.C. § 1326(a) and (b)(1). His PSR recommended two supervised-release conditions relevant here. The first would require him to report immediately to Immigration and Customs Enforcement (ICE) and, if he legally returned to the United States after deportation, to report to probation within 72 hours. The second would require him to seek proper documentation from ICE authorizing him to work in the United States. Neither party objected to the PSR or to either of these conditions.

At the sentencing hearing, the district court repeatedly referenced Villafana-Mondragon's PSR. The first thing the court did was announce it had "reviewed the PSR, the Defendant's statement of no objection to the PSR, the Government's statement of no objection to the PSR, [and] the addendum to the PSR." The court then asked Villafana-Mondragon's counsel: "[D]id you go over with Mr. Mondragon the fact that nobody's filed any objections to the PSR in this case?" Counsel responded, "Yes, [y]our Honor." After that, the court calculated the applicable Guidelines

No. 25-20018

ranges[1]—stating they were "based on the PSR in this matter"—and confirmed with counsel that they were correct.

The court then heard argument on the 18 U.S.C. § 3553(a) factors, after which it "adopt[ed] the factual findings and Guideline applications in the [PSR]" and imposed a 75-month prison sentence. Finally, the court informed Villafana-Mondragon that he "shall comply with the additional conditions as noted in the appendix of the [PSR]." The subsequent written judgment included those exact conditions from the PSR Appendix.

Villafana-Mondragon now appeals his sentence.

II

When a defendant does not object to supervised-release conditions, our standard of review "depends on whether the defendant had an opportunity to object to the condition[s] at sentencing." *United States v. Prado*, 53 F.4th 316, 318 (5th Cir. 2022). If he had that chance, we review for plain error. *Ibid.* (citing *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020)). If not, we review for abuse of discretion. *Ibid.*

As noted, the conditions at issue were in the PSR, which Villafana-Mondragon and his lawyer had prior to sentencing. Villafana-Mondragon also filed a statement of no objection to the PSR, which his lawyer acknowledged at sentencing. Despite this cascade of opportunities to object to the conditions, Villafana-Mondragon never did so. Accordingly, we review for plain error.

---

[1] Those were 70 to 87 months in prison, 1 to 3 years of supervised release, a $15,000 to $150,000 fine, and a $100 special assessment.

No. 25-20018

## III

Villafana-Mondragon argues the district court did not adequately pronounce the supervised-release conditions when it orally adopted the PSR and its Appendix. Specifically, he claims the court failed to confirm he had reviewed those documents with his lawyer. The Government responds that the court ensured that counsel had reviewed the PSR and its Appendix with Villafana-Mondragon. In any event, the Government argues that the record shows Villafana-Mondragon had ample notice of the PSR, its Appendix, and the conditions recommended therein. We agree with the Government.

## A

In *Diggles*, our en banc court "clarified the law governing supervised release conditions in three respects," which the court helpfully listed:

1. A sentencing court must pronounce conditions that are discretionary under 18 U.S.C. § 3583(d).

2. When a defendant fails to raise a pronouncement objection in the district court, review is for plain error if the defendant had notice of the conditions and an opportunity to object.

3. A sentencing court pronounces supervision conditions when it orally adopts a document recommending those conditions.

*Diggles*, 957 F.3d at 563.

As to point #1, the parties agree that the two conditions at issue here were discretionary and so had to be pronounced. As to point #2, we have already said that our review is for plain error because Villafana-Mondragon had ample notice of the conditions yet failed to object. So, all we need to decide is point #3—specifically, did the district court plainly err in how it pronounced the two conditions?

4

That is an open-and-shut question. *Diggles* expressly permitted a sentencing court to pronounce discretionary conditions by orally referencing a document containing those conditions, like the PSR. *See Diggles*, 957 F.3d at 560 (explaining "[o]ral in-court adoption of a written list of proposed conditions provides the necessary notice," such as through "[t]he PSR"). Indeed, this is the preferred method of pronouncement.[2]

That is precisely what the district court did here: it informed Villafana-Mondragon that he "shall comply with the additional conditions as noted in the appendix of the [PSR]." And those were same conditions that ended up in the written judgment.

B

Not so fast, says Villafana-Mondragon: before adopting the PSR, the court had to verify he had reviewed it with counsel. Villafana-Mondragon claims the court did not do so and thus failed to give him "adequate notice" of the conditions. We disagree.

When *Diggles* noted a court's duty to "verify" or "ensure" that a defendant has reviewed the PSR with counsel, it referred to Federal Rule of Criminal Procedure 32. *See* 957 F.3d at 560 (citing FED. R. CRIM. P. 32(i)(1)(A)) (explaining "the first order of business at most sentencing hearings is to verify that the defendant reviewed the PSR with counsel"); *id.*

---

[2] *See Diggles*, 957 F.3d at 560–61 (explaining "defendants who receive notice of proposed conditions in their PSRs have 'far more opportunity to review and consider objections to those conditions' than defendants who hear about them for the first time when the judge announces them" (quoting *United States v. Bloch*, 825 F.3d 862, 872 (7th Cir. 2016))). By contrast, "word-for-word recitation of each condition" may prove counterproductive for both defendant and court alike. *Id.* at 562 (observing this approach "may result in a robotic delivery that has all the impact of the laundry list of warnings read during pharmaceutical ads" and may also pointlessly "prolong[] sentencings" (quotation omitted)).

at 561 n.5; *see also* FED. R. CRIM. P. 32(i)(1)(A) ("At sentencing, the court . . . must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report . . . ."). The record shows that Rule 32's verification requirement was satisfied.[3]

When evaluating the claim that a sentencing court failed to comply with Rule 32(i)(1)(A), "we 'draw reasonable inferences from court documents, the defendant's statements, and counsel's statements' to determine whether the defendant has been given an opportunity to read the PSR with his counsel." *United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001) (quoting *United States v. Victoria*, 877 F.2d 338, 340 (5th Cir. 1989)). Based on that standard, Villafana-Mondragon had numerous opportunities to review his PSR with his lawyer.

Villafana-Mondragon and his counsel had access to the PSR for at least a month prior to sentencing. Yet he filed no objections. At sentencing, the court told defense counsel it had "reviewed the PSR" and reminded counsel that neither side had made any written objections to it. The court then asked defense counsel: "[D]id you go over with Mr. Mondragon the fact

---

[3] We assume *arguendo* that complying with the verification duty in Rule 32(i)(1)(A) is part of the *Diggles* pronouncement analysis. Some of our decisions have assumed this, albeit in dicta. *See, e.g.*, *United States v. Baxter*, 150 F.4th 386, 390 (5th Cir. 2025); *United States v. Quezada-Atayde*, 148 F.4th 360, 363–64 (5th Cir. 2025). Some unpublished decisions have done the same. *See, e.g.*, *United States v. Rivera-Hernandez*, No. 25-20022, 2025 WL 3034703, at *2 (5th Cir. Oct. 30, 2025) (per curiam); *United States v. Green*, No. 24-30608, 2025 WL 1735720, at *1 (5th Cir. June 23, 2025) (per curiam). One unpublished opinion, however, has persuasively reasoned that the two requirements are distinct. *See United States v. Martinez-Rivera*, No. 24-20031, 2025 WL 985711, at *2 n.1 (5th Cir. Apr. 2, 2025) (per curiam) (explaining *Diggles* "does not state that a failure to adhere to . . . Rule [32] creates a conflict between a district court's oral pronouncement and written judgment"). We need not resolve this question. Even assuming that complying with Rule 32 is necessary for an adequate *Diggles* pronouncement, Rule 32 was satisfied here.

that nobody's filed any objections to the PSR in this case?" Counsel responded, "Yes, [y]our Honor."[4] Finally, defense counsel affirmed the veracity of facts the Government advanced "[p]er the PSR," and even twice corrected the Government's PSR-based arguments.

At bottom, what Villafana-Mondragon appears to argue is that *Diggles* requires the district court to explicitly ask the defendant: "Did you review the PSR with counsel?" That is incorrect.

"We have declined to interpret Rule 32 as creating an absolute requirement that the district court 'specifically . . . ask a defendant whether he has read the [PSR].'" *Esparza-Gonzalez*, 268 F.3d at 274 (quoting *Victoria*, 877 F.2d at 340). And we have applied that principle to *Diggles*. *See United States v. Duruisseau*, No. 20-30649, 2021 WL 5778463, at *3 (5th Cir. Dec. 6, 2021) (per curiam)). As noted, the record shows that Villafana-Mondragon had every opportunity to review the PSR with counsel. *See United States v. Huerta*, 994 F.3d 711, 715 (5th Cir. 2021) ("When a [PSR] recommends a list of special conditions, a defendant has ample opportunity to review those conditions."). Villafana-Mondragon never claims he lacked such an opportunity. And the record reflects he never objected to the PSR or any of the supervised-release conditions despite

_____

[4] We note that Villafana-Mondragon was represented by appointed counsel from the Federal Public Defender's office. The magistrate judge described defense counsel as "an expert in the Guidelines and in federal sentencing" who "has done this many times" and who "knows what she's talking about." Nothing in the record remotely supports the notion that the "expert" FPD lawyer violated her ethical duties by failing to review the PSR with Villafana-Mondragon. Indeed, just before praising counsel's expertise in sentencing, the magistrate judge read out loud one of the conditions at issue—namely, that if Villafana-Mondragon returned to the United States, he would "have to report [him]self to Probation and turn [him]self in."

multiple chances to do so.[5] *See United States v. Grogan*, 977 F.3d 348, 353 (5th Cir. 2020) (observing defendant "could have objected before the hearing, when the court asked if he had any objections to the PSR, when the court adopted the PSR, or when the court pronounced the supervisory conditions"). Indeed, the district court specifically asked defense counsel whether she had "go[ne] over" with Villafana-Mondragon the fact that no objections had been made to the PSR.

Accordingly, we find no error—plain or otherwise—in the district court's pronouncement of the two supervised-release conditions.

## IV

Villafana-Mondragon's sentence is AFFIRMED.

---

[5] In addition to the PSR, Villafana-Mondragon had notice of the conditions because the court ordered compliance with the same conditions in the district's General Order No. 2017-1. *See* S. Dist. of Tex., General Order No. 2017-1, In the Matter of Conditions of Probation and Supervised Release 4 (2017); "A standing order provides advance notice of possible conditions just as a PSR recommendation does. And the in-court adoption of those conditions is when the defendant can object." *Diggles*, 957 F.3d at 561. If the standing order's conditions match those in the written judgment, as here, the "PSR's inclusion or exclusion of said conditions is irrelevant." *United States v. Baez-Adriano*, 74 F.4th 292, 301 (5th Cir. 2023). "[A] district court need only orally reference the standard conditions to satisfy the pronouncement requirement." *Ibid.*

25-20018

DANA M. DOUGLAS, *Circuit Judge*, dissenting:

A defendant's right to be present at sentencing is fundamental. Our en banc court held that a district court must ensure "the defendant confirms review of the PSR" before sentencing can go forward. *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020) (en banc). Because the district court did not confirm that Villafana-Mondragon reviewed the PSR or the appendix when orally adopting discretionary supervised release conditions, I dissent.

When the court has not confirmed that the defendant has reviewed the PSR and therefore has notice, the defendant has not been given opportunity to object—a threshold requirement for oral in-court adoption. *Id.* at 560–61 ("[T]he first order of business at most sentencing hearings is to verify that the defendant reviewed the PSR with counsel. . . . If he has not, the sentencing should not proceed . . ."). Without confirmation, there is no notice, nor ensuing opportunity to object. Therefore, the district court abused its discretion when it did not confirm that Villafana-Mondragon reviewed the PSR.[1] *See also United States v. Green*, No. 24-30608, 2025 WL 1735720 (5th Cir. June 23, 2025) (reviewing for abuse of discretion when the district court did not confirm the defendant reviewed the PSR and therefore did not provide an opportunity to object).

The Government argues that the court "implicitly confirmed" that Villafana-Mondragon and his counsel reviewed the PSR and appendix because his counsel stated that she had gone over with Villafana-Mondragon the fact that neither party filed objections to the PSR. But implicit confirmation from counsel falls far short of the fundamental "first order of

---

[1] Because Villafana-Mondragon was not given an opportunity to object, an abuse of discretion standard applies. *United States v. Prado*, 53 F.4th 316 (5th Cir. 2022).

business": to verify that the defendant reviewed the PSR with counsel. *Diggles*, 957 F.3d at 560.[2]

Furthermore, even assuming this court can use Rule 32 standards to draw inferences from the record as to Villafana-Mondragon's understanding, our precedent has drawn a distinction between when the record supports the inference that *defense counsel* had the opportunity to review the PSR, and when the record supports the inference that the defendant reviewed the PSR. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). The court must confirm a defendant has reviewed the PSR in order to satisfy the notice and opportunity required for oral pronouncement. I respectfully dissent.

---

[2] Notably, this form of confirmation mirrors verbatim the facts of *United States v. Rivera-Hernandez*, where this court still found that the defendant did not have an opportunity to object. No. 25-20022, 2025 WL 3034703, at *2 (5th Cir. Oct. 30, 2025) (holding that the district court abused its discretion by not orally pronouncing special conditions when it did not confirm the defendant reviewed the PSR or appendix with his counsel, even though the court confirmed that counsel filed a statement of no objection).